DONALD B. CIONI *et al.*, Plaintiffs-Appellants, v. GARY L. GEARHART, Defendant-Appellee.

Third District   No. 3—89—0676

Opinion filed July 5, 1990.—Rehearing denied September 20, 1990.

Law Offices of Henry Sherwood Dixon, of Dixon (Henry Sherwood Dixon, of counsel), for appellants.

D. Kendall Griffith and Paul Estes, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Gerald Haberkorn, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Donald and Betty Cioni and their daughter, Kelly Cioni (the Cionis), appeal from a judgment of the circuit court of Putnam County granting the defendant's, Gary Gearhart's (Gearhart's), motion to dismiss. According to the complaint, in April 1984, Kelly Cioni obtained contact lenses from Dr. Jeffrey Blanco, an Illinois optometrist. In June 1984, Kelly developed some difficulties with the contact lenses. For this she was treated by Dr. Olds, a Missouri general practitioner. As a result of either the contact lenses themselves or the treatment of Dr. Blanco and/or Dr. Olds, Kelly suffered damage to her right eye. The Cionis allege that they hired Gearhart to represent them in this matter for purposes of filing a medical malpractice complaint.

To date, a medical malpractice claim has yet to be filed on Kelly's behalf. As a result, on August 31, 1988, the Cionis filed suit against Gearhart alleging that an attorney/client relationship was established between the parties and that Gearhart committed legal malpractice by failing to timely file a medical malpractice claim on behalf of the Cionis.

Gearhart, in response, filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). It alleged that: (1) no attorney/client relationship existed; (2) if such a relationship existed, the Cionis discharged him; and (3) the cause of action was prematurely brought.

The Cionis submitted counteraffidavits alleging that: (1) Donald and Kelly Cioni signed an employment contract at Gearhart's office; (2) Gearhart discussed Kelly's case with others; (3) Gearhart informed the Cionis that a suit should be filed in Missouri; and (4) Sueann Turner, Donald Cioni's secretary, stated in her affidavit that when she discussed her personal injury case with Gearhart she was told by Gearhart that her case was not worth as much as the case he was working on for Kelly Cioni.

The trial court, after hearing arguments, granted Gearhart's motion to dismiss. The court found that "the attorney/client relationship, if ever established, was terminated." The Cionis appeal.

The record shows that in support of his motion, Gearhart submitted an affidavit in which he stated that he never had possession of a file concerning Kelly Cioni's case. Gearhart's affidavit further stated that he never agreed to represent the Cionis and did not enter into a contract to represent them in this matter.

Essentially, Gearhart argues that his affidavit established that no attorney/client relationship existed between himself and the Cionis and that even if such a relationship existed, it was terminated by a letter Donald Cioni sent to Gearhart. Gearhart received this letter five days before the Illinois medical malpractice statute of limitations expired for Kelly's case. In the letter, Cioni notes that although he originally contacted attorney Dave Haskins regarding Kelly's potential medical malpractice claim, he understood that Haskins had referred the file to Gearhart and that Gearhart now possessed the file. Cioni next informed Gearhart that Maurice Barry of the law office of Henry S. Dixon had been retained to represent Kelly in the potential claim and, to that extent, requested that Kelly's file be sent to Barry. Cioni also acknowledged that the statute of limitations would soon expire. (It should be noted that new counsel was unable to file suit within the short period of time before the statute of limitations expired.) Gearhart asserts that the letter unambiguously discharged him, thereby terminating his obligation to further represent the Cionis. The trial court agreed.

■■ Initially, we note that the primary purpose of section 2—619 of the Code of Civil Procedure is to obtain at the outset of a legal action a summary disposition of issues of law or of easily proved facts. (*Outlaw v. O'Leary* (1987), 161 Ill. App. 3d 218, 514 N.E.2d 208.) While a motion to dismiss admits, for purposes of determining the motion, all well-pleaded facts and all reasonable inferences which can be drawn from those facts, it does not admit conclusions of law. *Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 390 N.E.2d 72.

■■ Under section 2—619(a)(9), a defendant may seek dismissal of an action because it is barred by affirmative matter which defeats the claim and may support the motion by facts stated in affidavits if the grounds do not appear on the face of the complaint. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9).) Generally, unless refuted by plaintiff's counteraffidavit, the facts alleged in the defendant's affidavit must be taken as true. *Silverstein v. Schak* (1982), 107 Ill. App. 3d 641, 437 N.E.2d 1292.

■■ "Affirmative matter" within the meaning of section 2—619(a)(9) is something in the nature of a defense that negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. (*Longust v. Peabody Coal Co.* (1986), 151 Ill. App. 3d 754, 502 N.E.2d 1096.) Affirmative matter must, however, be something more than evidence offered to refute a well-pleaded fact in the complaint because such well-pleaded facts must be taken as true for purposes of a motion to dismiss. (*Davis v. Weiskopf* (1982), 108 Ill. App.

3d 505, 439 N.E.2d 60.) In the instant case, we find that "something more" absent.

Gearhart's motion merely negates the factual allegation which sets forth the basis upon which he is allegedly liable. In other words, he has simply offered a contrary version of the legal relationship between the parties. More importantly, the Cionis submitted counteraffidavits which substantially contradicted Gearhart's motion.

■■ The Cionis raise disputed questions of fact material to the resolution of the motion. Essentially, Gearhart denies that he was the attorney during the period of the alleged misconduct. As such, he essentially denies a central element of the complaint. This does not constitute affirmative matter. Moreover, the parties are at opposite poles as to whether or not Gearhart agreed to represent the Cionis in Kelly's potential medical malpractice claim. Gearhart states, in his affidavit, that the letter sent to him by Donald Cioni discharged him from further representing Kelly and that he doesn't possess a file concerning her case. The Cionis, on the other hand, allege that Gearhart was not discharged and continued to represent Kelly because Gearhart never turned the file over to them. In addition, Sueann Turner's affidavit contains other evidence indicating that Gearhart did indeed represent Kelly. Therefore, because we find Gearhart's motion to merely refute the factual allegations in the complaint, the order of the trial court granting Gearhart's motion to dismiss must be reversed.

■■ In the instant case, whether the letter constituted a discharge or whether the letter contained conditions that had to be met before Gearhart was discharged is for the trier of fact to determine. If the trier of fact determines that one of the conditions of the alleged discharge letter was for Gearhart to send the file back to the Cionis, then Gearhart was not discharged. Further, it was Gearhart's failure to file Kelly's potential medical malpractice claim that precipitated the purported discharge letter. Thus, under these circumstances, we find that the letter does not constitute affirmative matter.

For the foregoing reasons, we conclude that no proper basis for dismissal exists here. Accordingly, the judgment of the circuit court of Putnam County is reversed and the plaintiff's cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HEIPLE, P.J., and BARRY, J., concur.