JOSEPH BUCCI, Plaintiff-Appellant, v. E. PAUL RUSTIN *et al.*, Defendants-Appellees.

First District (4th Division) No. 1—91—1455

Opinion filed March 26, 1992.

Joel A. Brodsky, of Brodsky & Hoxha, of Chicago, for appellant.

Michael W. Ford and June Y. Wallace, both of Chapman & Cutler, of Chicago, for appellee E. Paul Rustin.

Alholm & Monahan, of Chicago (Anthony J. Alholm, Peter A. Monahan, and Daniel F. D'Attomo, of counsel), for appellee Robert C. Morton.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Joseph Bucci, the plaintiff, filed an action for legal malpractice against his former attorneys, the defendants, who represented him in a bankruptcy proceeding in which the plaintiff was found to have made fraudulent transfers of property. The issue we address in this case is whether the circuit court properly granted the defendants' motion to dismiss pursuant to section 2—619(9) of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(9).) For the reasons that follow, we reverse the court's order of dismissal and remand the case for further proceedings.

In May 1984, Bruna Bucci, the plaintiff's wife, filed a petition for dissolution of marriage. A judgment to dissolve Bucci's marriage was entered in August 1985 and included the division of marital property among Bucci, Bruna, and their son. Two months later, Bucci filed a petition for bankruptcy under chapter 7 of the Bankruptcy Code. (11

U.S.C. §701 *et seq.* (1984).) Shortly thereafter, the trustee in Bucci's bankruptcy filed an action under 11 U.S.C. §548(a)(1) (1984) to set aside Bucci's prebankruptcy transfer of property to Bruna and their son alleging that Bucci had voluntarily made these transfers under the dissolution judgment with actual intent to hinder, delay, or defraud his creditors. Bucci retained attorneys Paul Rustin and Robert Morton, the defendants in the instant case, to represent him in the first adversarial bankruptcy proceeding.

At trial, Bucci alleges that Rustin and Morton were negligent in their representation of him. He claims that both attorneys failed to conduct any discovery, failed to file a motion to dismiss Bucci as a party defendant, failed to file the required pretrial statement, failed to present any evidence at trial, failed to be present in court during most of the trial, including their absence during the testimony of eight of the nine witnesses, failed to cross-examine any witness against him, failed to object to any evidence presented at trial, and failed to present a closing argument. The bankruptcy court entered judgment in favor of the trustee and set aside the properties which Bucci had transferred to Bruna and their son in his divorce proceeding.

The trustee filed a second action against Bucci pursuant to section 727 of the Bankruptcy Code (11 U.S.C. §727(a)(2)(A) (1984)) requesting that Bucci be denied a discharge because he transferred property with the intent to defraud his creditors. Bucci procured different counsel to represent him. Finding that under the doctrine of collateral estoppel, the result in the first action precluded Bucci from relitigating the issue of fraudulent intent in the section 727 proceeding, the bankruptcy court found that Bucci illegally conveyed his property and denied him the discharge. Bucci appealed this decision to the United States District Court and the Seventh Circuit Court of Appeals and in both appeals the bankruptcy court's decision was affirmed.

Bucci filed the case at bar in the circuit court of Cook County against Rustin and Morton for legal malpractice. Bucci alleged that their negligence in the first adversary bankruptcy proceeding was the proximate cause of his nondischarge in bankruptcy. Rustin and Morton filed motions to dismiss Bucci's complaint pursuant to section 2—619 of the Code of Civil Procedure contending that the bankruptcy court's finding that Bucci had committed fraud precludes him from bringing a legal malpractice action. The court granted their motion, which is the subject of this appeal.

Bucci contends that the defendants' motion should not have been granted because the affirmative matter upon which the defendants relied was that Bucci was guilty of fraudulent transfers. Bucci argues that the gravamen of his complaint is that he would not have been found guilty in the first place if it had not been for the defendants' negligent legal representation. Therefore, the defendants cannot rely on the court's finding of fraud to defeat his claim for legal malpractice.

The Code of Civil Procedure, section 2—619(a)(9), provides:

"2—619. Involuntary dismissal based upon certain defects or defenses. (a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. \*\*\*

\* \* \*

(9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9).)

The primary purpose of section 2—619 is to obtain at the outset of a legal action a summary disposition of issues of law or easily proved facts. (*Cioni v. Gearhart* (1990), 201 Ill. App. 3d 853, 559 N.E.2d 494.) A motion to dismiss admits, for purposes of determining the motion, all well-pleaded facts and all reasonable inferences which can be drawn from them but does not admit conclusions of law. (*Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 390 N.E.2d 72.) An "affirmative matter" within the meaning of section 2—619(a)(9) has been defined as something in the nature of a defense that negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. (*Longust v. Peabody Coal Co.* (1986), 151 Ill. App. 3d 754, 757, 502 N.E.2d 1096; *Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050, 1056, 473 N.E.2d 444.) An "affirmative matter" must be something more than evidence to refute a well-pleaded fact in the complaint. (*Cioni v. Gearhart* (1990), 201 Ill. App. 3d 853, 856, 559 N.E.2d 494.) Moreover, an "affirmative matter" should not consist of mere evidence upon which the defendant expects to contest an ultimate fact in the case. *Inland Real Estate Corp. v. Lyons Savings & Loan* (1987), 153 Ill. App. 3d 848, 854, 506 N.E.2d 652.

In support of their section 2—619(a)(9) motion, the defendants attached the findings of the bankruptcy court in the case in which they were representing Bucci. As we mentioned earlier, the bankruptcy court found that Bucci engaged in a fraudulent conveyance of prop-

erty within one year prior to the filing of his bankruptcy petition with the actual intent to hinder, delay, or defraud his creditors. The defendants contend that their section 2—619(a)(9) motion was properly granted because Bucci's fraudulent transfers were substantial and flagrant and made long before Bucci hired the attorneys to represent him. They argue that Bucci's fraud is an "affirmative matter" within the context of a section 2—619 motion which defeats his claim for legal malpractice because he stands before the court with "unclean hands."

The defendants rely on *Makela v. Roach* (1986), 142 Ill. App. 3d 827, 492 N.E.2d 191, and *Mettes v. Quinn* (1980), 89 Ill. App. 3d 77, 411 N.E.2d 549. In *Makela*, the plaintiff retained an attorney to advise her on a plan to transfer marital assets from her husband for the purpose of defrauding her husband's legitimate medical creditors and filed a legal malpractice action against the attorney when the plan did not work out as she anticipated. The court affirmed the trial court's dismissal of the plaintiff's claim against her attorney, stating:

> "Where a party voluntarily elects to follow advice intended to extricate herself from a questionable situation, she comes to this court with unclean hands and may not seek relief from her wrongful conduct through a legal malpractice action." (*Makela*, 142 Ill. App. 3d at 832, 492 N.E.2d at 195.)

In *Mettes*, the plaintiff sued her former attorney for breach of fiduciary duty for rendering allegedly negligent advice which caused her fraud to be uncovered. The court affirmed the trial court's dismissal of the complaint for failure to state a cause of action, finding that the plaintiff could not recover damages from her attorney when his faulty advice precluded her from further benefiting from her fraud. *Mettes*, 89 Ill. App. 3d at 80, 411 N.E.2d at 551.

The case at bar is distinguishable from both cases. In *Makela*, the plaintiff sought recovery from her attorney for his failure to successfully assist her in a fraudulent plan. The court concluded from the allegations set forth in the plaintiff's complaint that the plaintiff's plan was fraudulent and thus she could not seek relief from her attorney for her wrongful conduct. In *Mettes*, the plaintiff sought recovery from her attorney when her fraud was uncovered as a result of the attorney's negligent advice. The court concluded from the record that the plaintiff had entered into a fraudulent agreement which had been set aside prior to the action against her attorney. The plaintiff was not contesting that her agreement was fraudulent, but rather that her attorney's negligent advice had caused her to lose the benefit of her

agreement. Thus, the court concluded that she could not seek relief from her attorney, regardless of whether his advice was faulty.

Unlike the aforementioned cases, we cannot readily conclude that Bucci's actions were fraudulent given the allegations of his complaint. Bucci's contention is that if he had been adequately represented, he would not have been found guilty of fraud. The bankruptcy court's finding is merely evidence which the defendants can use to contest their negligence. The defendants have not presented any other evidence to contest the allegations of their negligence. Accepting Bucci's allegations as true, this court cannot determine from the bankruptcy court's findings what the result of the proceeding would have been had Bucci's attorneys been present during the entire proceeding, cross-examined witnesses, and generally presented a defense. Therefore, we cannot conclude that the bankruptcy court's finding in the absence of adequate legal representation constitutes an affirmative matter for purposes of a section 2—619(a)(9) motion. This defense merely raises factual issues attacking the allegations in the complaint and should not be resolved by a section 2—619 motion.

The defendants' other arguments are also based upon the conclusion that Bucci is guilty of fraud. The defendants contend that even if the defendants negligently represented Bucci in the proceeding, that negligence was not the proximate cause of the plaintiff's nondischarge from bankruptcy. The proximate cause was Bucci's fraudulent transfer of property to his ex-wife with the object of defrauding creditors. Once again, this argument begs the question. Bucci's complaint alleges that he would not have been found guilty of fraud except for the negligent representation by his attorneys. The defendants cannot use the actual finding of fraud to establish that their legal representation was not the proximate cause of the result in the case.

The same can be said of the defendants' argument that in order to avoid a legal malpractice action, the attorneys would have had to assist Bucci in covering up a fraud and such assistance would violate the Illinois Code of Professional Responsibility. In their briefs, the defendants state that they were not aware of any fraud at the time of the proceeding. However, by relying on the ultimate finding of fraud, the defendants now argue that if they had given him adequate representation, they would have been covering up his fraud.

Finally, the defendants argue that collateral estoppel prohibits Bucci from relitigating the fraud issue in the legal malpractice action. In order for collateral estoppel to apply, one of the requirements is that the issue decided in the prior adjudication is identical to that presented in the action in question. (*Johnson v. Nationwide Business*

*Forms, Inc.* (1981), 103 Ill. App. 3d 631, 431 N.E.2d 1096.) The issue in the case at bar is not whether Bucci was fraudulent, but whether the attorneys' negligence was the proximate cause of the bankruptcy court's finding.

For all of the reasons stated herein, the judgment of the circuit court is reversed and the case is remanded for further proceedings.

Reversed and remanded.

LINN and McMORROW, JJ., concur.