CHICAGO TITLE AND TRUST COMPANY, as Trustee, Plaintiff-Appellant, v. JOHN WEISS *et al.*, Defendants-Appellees.

Second District   No. 2—92—0185

Opinion filed December 21, 1992.

Richard E. Steck, of Steck & Spataro, of Chicago, for appellant.

Ronald L. Berns, of Solano & Berns, Ltd., of Wheaton, for appellee Robin Hill Development Company I.

Anthony F. Mannina, of Wheaton, for appellee John Weiss.

JUSTICE UNVERZAGT delivered the opinion of the court:
Plaintiff, Chicago Title & Trust Company, as trustee of a land trust for the benefit of Donald Derrico, appeals the judgment of the circuit court of Kane County which dismissed its two-count complaint against defendants, Robin Hill Development Company I (Robin Hill)

and John Weiss. Plaintiff raises on appeal the issues whether the trial court erred in dismissing the complaint because plaintiff lacked standing to bring suit and because it sought an injunction for continuing trespasses, and whether count II failed to state a cause of action.

Plaintiff alleged that it purchased a lot in Royal Fox, a planned unit development (PUD). Robin Hill and the trustee of the land trust which owned the PUD real estate entered into a "Declaration of Covenants, Conditions and Restrictions" (Declaration) for the Royal Fox Community Association I or II (Association). Weiss purchased the lot adjoining plaintiff's lot. In count I, plaintiff alleged that defendants violated the Declaration when Weiss put in a driveway less than eight feet from the lot line. Plaintiff further alleged that Robin Hill failed to enforce the covenants for the benefit of plaintiff. Plaintiff requested an injunction requiring Weiss to maintain the driveway at least eight feet from the lot line and damages and attorney fees. In count II, plaintiff alleged that Weiss had erected a basketball hoop on the driveway and that Weiss repeatedly trespassed on plaintiff's property to retrieve the basketball. Plaintiff alleged that these trespasses constituted a nuisance in violation of the Declaration. Plaintiff sought to enjoin Weiss from maintaining the basketball hoop on the driveway and from trespassing onto plaintiff's property.

Robin Hill filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619). Robin Hill asserted that under the Declaration it had the sole right to enforce the covenants until it turned control of the PUD over to the Association. As a result, Robin Hill concluded that plaintiff lacked standing to bring this action. In addition, Robin Hill argued that it waived the eight-foot setback restriction for Weiss' driveway. Robin Hill attached to its motion the affidavit of its secretary/treasurer, Vincent Solano. In his affidavit, Solano stated that Robin Hill continued to exercise its control over the Association and no event occurred requiring Robin Hill to relinquish its control. Solano further averred that Robin Hill approved Weiss' plan which depicted the edge of his driveway four feet from the lot line, and Robin Hill has refused plaintiff's requests that Robin Hill require Weiss to relocate the driveway or to remove or relocate the basketball hoop. In addition, Solano stated that Weiss began construction on his home in February 1989 and completed it in October 1989. The basketball hoop had been in place since April or May 1991.

Weiss also filed a motion to dismiss count I pursuant to section 2—619 and count II pursuant to both section 2—619 and section 2—615 (Ill. Rev. Stat. 1991, ch. 110, par. 2—615). In addition to the bases

asserted in Robin Hill's motion, Weiss alleged that plaintiff's action for trespass in count II was an action in law and, therefore, was not properly before a court of equity. Weiss further asserted that plaintiff failed to allege any facts to support the allegation of an irreparable injury.

Plaintiff submitted the affidavit of Donald Derrico, in which he stated that basketballs frequently fly onto plaintiff's property and people playing basketball on Weiss' driveway often retrieve those basketballs. As a result, Derrico's flowers, garden, lawn and shrubs have been damaged. In addition, Derrico feared that his young child, other family members, or guests might be injured by the errant basketballs.

On January 8, 1992, the trial court ruled, as a matter of law, that plaintiff did not have standing to bring an action under count I of the complaint. The court dismissed count II without prejudice. Defendants each filed a motion for sanctions against plaintiff.

On February 5, the court, in a written order, noted that plaintiff elected to stand on count II, rather than amend it. The court denied the motions for sanctions and dismissed the cause "in its entirety." Plaintiff timely appealed.

■■ Before we consider the merits of this appeal, we first address defendant Weiss' argument that this court lacks jurisdiction over this appeal because the order appealed from is not final and appealable. According to Weiss, the order did not dispose of the cause on the merits regarding all defendants. We disagree. The plain language of the order states, "this Cause is dismissed in its entirety." Nothing is pending in the trial court. Thus, the order is final and appealable. *Knox v. Keene Corp.* (1991), 210 Ill. App. 3d 141, 144-45.

Plaintiff contends that the trial court erred in dismissing its complaint on the grounds that plaintiff lacked standing to bring this action and that provisions of the Declaration were waived. Plaintiff's complaint was dismissed pursuant to section 2—619(a)(9) (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(9)):

■■ A section 2—619 motion is designed to provide a summary disposition of issues of law or easily proved issues of fact. (*Melko v. Dionisio* (1991), 219 Ill. App. 3d 1048, 1057.) Such a motion admits all well-pleaded facts alleged in the complaint and reasonable inferences to be drawn from those facts. (*Cioni v. Gearhart* (1990), 201 Ill. App. 3d 853, 856.) The trial court should not dismiss a complaint pursuant to section 2—619 if material facts are controverted, and the court cannot weigh the evidence. (*Melko*, 219 Ill. App. 3d at 1057.) We must determine whether the affirmative matter alleged by defendants defeats plaintiff's cause of action.

■ Defendants' motions to dismiss alleged that plaintiff did not have standing to bring the suit, an affirmative matter which could defeat or negate plaintiff's cause of action. (See Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(9).) The movant is permitted to assert those grounds in an affidavit. (*Noesges v. Servicemaster Co.* (1992), 233 Ill. App. 3d 158, 162.) The affirmative matter must be more than evidence offered to refute a well-pleaded fact. (*Milz v. M.J. Meadows, Inc.* (1992), 234 Ill. App. 3d 281, 286.) However, where the movant submits an affidavit which controverts a well-pleaded fact in the complaint, and the plaintiff fails to file a counteraffidavit, the facts set forth in the affidavit are accepted as true. *Wood v. Village of Grayslake* (1992), 229 Ill. App. 3d 343, 349-50.

■ Plaintiff argues that a property owner in a PUD may enforce the covenants created and recorded by the developer which govern the conduct of the individual property owners. The rules of contract construction apply to PUD declarations. (See *Toepper v. Brookwood Country Club Road Association* (1990), 204 Ill. App. 3d 479, 487.) A court will enforce a restrictive covenant where the restriction is clear, definite, and not against public policy. (*Sherwood v. Rigsby* (1991), 221 Ill. App. 3d 260, 261.) The court should construe the covenants to give effect to the intent of the parties at the time they were made. (*Streams Sports Club, Ltd. v. Richmond* (1983), 99 Ill. 2d 182, 188; *Westfield Homes, Inc. v. Herrick* (1992), 229 Ill. App. 3d 445, 451.) The intent should be derived from the language of the document as a whole. *Westfield Homes,* 229 Ill. App. 3d at 451.

■ According to plaintiff, Illinois law provides that those in whose favor restrictive covenants run are *prima facie* entitled to enforcement. (*Cordogan v. Union National Bank* (1978), 64 Ill. App. 3d 248, 253.) While that may be true, we agree with defendants' interpretation of the Declaration, which rebuts that presumption. The provision states in relevant part:

> "*Enforcement.* Failure of an Owner to comply with such Covenants, Conditions and Restrictions or rules and regulations in connection therewith shall be grounds for immediate action which may include, without limitation, an action to recover sums due for damages, injunctive relief or any combination thereof. *** Beneficiary, and after control of the Association has passed from Beneficiary to the other Owners, then the Association and any Owner or any of them, shall have the right to enforce this Declaration by proceeding at law or in equity."

The parties agree that Robin Hill is the beneficiary. We interpret this language to mean that only Robin Hill has the right to enforce the covenants prior to its relinquishment of control over the Association.

■■ However, this interpretation does not deprive plaintiff of standing to sue Robin Hill. Standing to bring suit means that the plaintiff suffered an injury to a legally protected interest. (*Briarcliffe West Townhouse Owners Association v. Wiseman Construction Co.* (1983), 118 Ill. App. 3d 163, 167-68, *appeal after remand* (1985), 134 Ill. App. 3d 402.) Plaintiff argues that Robin Hill owed a fiduciary duty to plaintiff to enforce the covenants for plaintiff. (See *Kelley v. Astor Investors, Inc.* (1985), 106 Ill. 2d 505, 510.) In addition, plaintiff maintains that it alleged that it was a third-party beneficiary of the contract. A third-party beneficiary may sue for breach of a contract that was made for his benefit. (*White Hen Pantry, Inc. v. Rak Woo Cha* (1991), 214 Ill. App. 3d 627, 635.) The contract must clearly show that it was made for the party's direct benefit. (*White Hen Pantry*, 214 Ill. App. 3d at 635-36.) Courts will enforce a restrictive covenant in which the developer reserves the right to consent to building plans, but the exercise of the power of review must be reasonable and not arbitrary. (*Westfield Homes*, 229 Ill. App. 3d at 451.) The purpose of PUD agreements is:

> " '[T]o afford mutual protection to the property owners living in the development against injury, whether taking the form of diminished property values or otherwise, that would result from the construction of a residence or other improvement that was unsightly, in singularly bad taste, discordantly at variance with neighboring homes in architectural appearance, or otherwise offensive to the proposed or developed standards of the neighborhood.' " (*Westfield Homes*, 229 Ill. App. 3d at 452, quoting *Syrian Antiochian Orthodox Archdiocese v. Palisades Associates* (1970), 110 N.J. Super. 34, 40, 264 A.2d 257, 261.)

We agree with plaintiff that, under the Declaration, Robin Hill had a duty to plaintiff, because the Declaration was enacted expressly for plaintiff's benefit. As in *Briarcliffe*, plaintiff here alleged an immediate, direct and substantial injury resulting from Robin Hill's refusal to enforce the covenants enacted for plaintiff's benefit. (See *Briarcliffe*, 118 Ill. App. 3d at 169.) Although the complaint may have been drafted inartfully, it alleged sufficient facts to support a cause of action against Robin Hill for breaching its contractual duty.

■■ We reject Robin Hill's argument that it did not breach any duty to plaintiff because Robin Hill had the right to waive compliance with any covenant or condition. Robin Hill refers to Solano's affidavit,

which averred that Robin Hill approved Weiss' plan which depicted the driveway as four feet from the lot line. Robin Hill asserts that it had the sole right of approval for such deviation. We disagree. Article XI of the Declaration states:

> "*Declarant* reserves the right to enter into agreements with the proposed grantee of any Dwelling Lot or Dwelling Lots (without the consent of any Owners of other Dwelling Lots) to deviate from any or all of the Covenants, Conditions and Restrictions set forth in this Declaration provided there are practical difficulties or particular hardships evidenced by such proposed grantee, and any such deviation (which shall be manifested by an agreement in writing) shall not constitute a waiver of any such Covenants, Conditions and Restrictions as to the remaining Property which is subject to this Declaration." (Emphasis added.)

Contrary to defendants' assertions, according to the preamble of the Declaration, the "Declarant" is Chicago Title & Trust Company, as trustee of trust No. 9717. Thus, only the trustee had the power to enter into an agreement for a deviation. There is no evidence that the trustee ever agreed to Weiss' deviation in writing. Moreover, questions of fact exist regarding whether Weiss' deviation was required to avoid practical difficulties or particular hardships. We conclude that the court erred in dismissing count I against Robin Hill as a matter of law. However, we agree with the dismissal of count I as against Weiss.

■ Plaintiff next argues that the trial court erred in dismissing count II of the complaint. Plaintiff notes that count II requested injunctive relief from repeated trespasses onto its property by defendant Weiss. A trespass is the entry onto another's land without permission, invitation, or other right. (*Hendle v. Stevens* (1992), 224 Ill. App. 3d 1046, 1055.) "If a trespass is continuing, any person in possession of the land at any time during its continuance may maintain an action for trespass." (*Rosenthal v. City of Crystal Lake* (1988), 171 Ill. App. 3d 428, 435-36.) Thus, as the possessor of property, plaintiff has standing to maintain an action for trespass.

■ Weiss argues, without citation to authority, that an action for trespass is an action at law and not properly before a court of equity. The failure to cite authority to support legal arguments violates Supreme Court Rule 341(e)(7) (134 Ill. 2d Rules 341(e)(7), (f)) and results in waiver of the argument. (*Fitzpatrick v. A C F Properties Group, Inc.* (1992), 231 Ill. App. 3d 690, 708.) Weiss' citations, where they exist, violate Supreme Court Rule 341(d) because they fail to give the

cite to the official reporter. (134 Ill. 2d R. 341(d).) The rules of appellate procedure are not merely suggestions. (*Ryan v. Katz* (1992), 234 Ill. App. 3d 536, 537.) While we need not consider any of Weiss' arguments, we note that his first assertion is incorrect. As our supreme court explained, "[a] court of equity will interfere to enjoin a trespass only where the complainant has no adequate remedy at law or where *** repeated trespasses are threatened of such a character that the amounts recoverable as damages in actions at law would be so small and disproportionate to the vexation and expense of the actions as to render the remedy at law inadequate." (*Abel v. Flesher* (1921), 296 Ill. 604, 609.) Plaintiff's allegations fit this exception. Moreover, equity and law have been merged in our court system, and circuit courts have jurisdiction of all justiciable matters. (*Siegel v. Levy Organization Development Co.* (1991), 219 Ill. App. 3d 579, 584, *appeal allowed* (1992), 143 Ill. 2d 648.) The only limitation on equitable relief is whether the plaintiff has an adequate remedy at law. *Sjogren v. Maybrooks, Inc.* (1991), 214 Ill. App. 3d 888, 892.

Finally, we consider whether the trial court erred in dismissing count II for failure to state a cause of action. (See Ill. Rev. Stat. 1991, ch. 110, par. 2—615.) A motion to dismiss admits all well-pleaded facts alleged in the complaint and reasonable inferences to be drawn from those facts. (*Cioni v. Gearhart* (1990), 201 Ill. App. 3d 853, 856.) We must determine whether the allegations of the complaint, when considered in the light most favorable to plaintiff, set forth a cause of action on which relief may be granted. *Munizza v. City of Chicago* (1991), 222 Ill. App. 3d 50, 52.

Plaintiff alleged that the basketball hoop's placement on the lot line caused repeated trespasses onto plaintiff's property by persons retrieving balls from Weiss' driveway and from the basketball itself. Plaintiff further alleged that these trespasses caused damage to the garden, lawn, trees and shrubs and resulted in the diminution of the property value and prevented Derrico from enjoying the full use and benefit of the property. Plaintiff also alleged that it had no adequate remedy at law because of the continuing trespasses. It is evident from the complaint that these trespasses caused minimal property damage. In addition, the Declaration shows that plaintiff cannot erect a fence to prevent these trespasses.

A permanent injunction is appropriate relief when the plaintiff has shown that it is suffering an irreparable, continuing harm, and there is no adequate remedy at law. (*Gleicher, Friberg & Associates v. University of Health Sciences* (1991), 224 Ill. App. 3d 77, 88.) Although the complaint is not a model of clarity and contains much

extraneous information and superfluous allegations, we believe that count II is sufficient to support a claim for equitable relief from repeated trespasses. (See *Abel*, 296 Ill. at 609.) Consequently, even if Weiss' arguments regarding the law of nuisance were not waived, they are irrelevant to our analysis. We conclude that the trial court erred in dismissing count II.

The judgment of the circuit court of Kane County is affirmed in part and reversed in part, and the cause is remanded.

Affirmed in part; reversed in part and remanded.

INGLIS, P.J., and BOWMAN, J., concur.