EVERGREEN OAK ELECTRIC SUPPLY AND SALES COMPANY, INC., Plaintiff-Appellant, v. FIRST CHICAGO BANK OF RAVENSWOOD, as Trustee, *et al.*, Defendants-Appellees.

First District (4th Division) No. 1—94—0077

Opinion filed November 16, 1995.

Stephen Levy & Associates, of Chicago (Stephen Levy and Thomas G.A. Herz, Jr., of counsel), for appellant.

Michael J. Wall, of Rothschild, Barry & Myers, of Chicago, for appellees.

JUSTICE CAHILL delivered the opinion of the court:

Evergreen Oak Electric Supply and Sales Company, Inc. (Evergreen), sued to foreclose a materialman's lien. Two of the named defendants moved to dismiss the second amended complaint under section 2—619(a)(9) of the Code of Civil Procedure. (735 ILCS 5/2—619 (West 1992).) The trial court granted the motion and dismissed the complaint. Evergreen appealed. We reverse.

Evergreen alleged in its complaint that it had contracted to furnish and had furnished electrical materials for construction on certain property described in the complaint, that it had not been paid for the materials, and that it had filed a materialman's lien against the property under the Illinois Mechanics Lien Act (770 ILCS 60/1 *et seq.* (West 1992)). It then set out a legal description of the property.

The section 2—619 motion to dismiss alleged that the legal description of the property contained in the lien and set out in the complaint was incorrect. The motion then set out what purported to be the correct legal description of the property. Attached to the motion was an affidavit of one of the lawyers for the defendants, who claimed to have personal knowledge of all facts presented in the motion. Evergreen did not file a counteraffidavit, but moved to strike the defendant's affidavit as deficient under Supreme Court Rule 191. (134 Ill. 2d R. 191.) The motion to strike was denied.

We review the court's dismissal *de novo*. We consider whether the existence of a genuine issue of material fact precludes dismissal or, absent such an issue of fact, whether dismissal is proper as a mat-

ter of law. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge* (1993), 156 Ill. 2d 112, 619 N.E.2d 732.

■ The meaning of the phrase "other affirmative matter" in section 2—619(a)(9) has been subject to much litigation and learned commentary. (See *Barber-Colman Co. v. A&K Midwest Insulation Co.* (1992), 236 Ill. App. 3d 1065, 603 N.E.2d 1215; 4 R. Michael, Illinois Practice § 38.3, at 224 (1989).) The clearest definitions of "other affirmative matter" appear in those cases which explain the concept by describing what affirmative matter is not. It is not evidence that refutes a well-pled fact in the complaint or evidence upon which the defendant expects to contest an ultimate fact in the case. (*Bucci v. Rustin* (1992), 227 Ill. App. 3d 779, 592 N.E.2d 297.) Affirmative matter within the meaning of section 2—619(a)(9) must be something more than evidence offered to refute well-pled facts in the complaint, since the well-pled facts must be taken as true for purposes of a motion to dismiss. *Bank of Northern Illinois v. Nugent* (1991), 223 Ill. App. 3d 1, 584 N.E.2d 948; *Cioni v. Gearhart* (1990), 201 Ill. App. 3d 853, 559 N.E.2d 494.

■ The complaint before us alleges that Evergreen filed a lien against real property for materials furnished in construction on that property. The complaint alleges a legal description of the property. The motion to dismiss alleges, in effect, not that the legal description contained in the complaint is incorrect, but that Evergreen, in fact, delivered materials to a different parcel of property, the legal description of which is set out in the motion to dismiss. What surfaces from a reading of the complaint and the motion to dismiss side by side is a disputed issue of fact—whether Evergreen filed a lien against the right property. Evergreen argued in the trial court and in its appellate brief that the legal description upon which it relies is broad enough to encompass the property, while the defendants argued that it is not. Whatever the disposition of that issue, Evergreen is correct in arguing that the issue amounts to a factual dispute that should not have been decided on a section 2—619(a)(9) motion.

Defendants point out, without conceding the issue, that while Evergreen may have raised an issue of fact about the proper legal description of the property, the complaint was not verified and no counteraffidavit was filed to contest the affidavit of one of the defendant's attorneys in support of the motion to dismiss. Defendants cite *Barber-Coleman* for the rule that failure to respond to an affidavit concedes the truth of the materials the affidavit supports. The rule is sound but inapplicable here for two reasons. The rule assumes that the affidavit supports an allegation of affirmative matter, not material that contests facts that support the claim. Second, the affidavit must

comply with Supreme Court Rule 191. Evergreen's motion to strike alleged that the affidavit did not comply. We agree. Rule 191 requires that affidavits in support of a motion to dismiss under section 2—619 be "made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." 134 Ill. 2d R. 191.

Defendants relied upon legal descriptions that were neither sworn to nor certified. The affidavit in support was signed by an attorney who claimed to have personal knowledge of all facts in the motion. No explanation was offered as to how a lawyer could testify to the correctness of a legal description presumably furnished by the government officer who maintained the records upon which the description was based. The motion to strike the affidavit made this point and should have been granted.

Reversed and remanded.

HOFFMAN, P.J., and THEIS, J., concur.