WILLIAM KRAMER, Plaintiff-Appellant, v. LAWRENCE DIRKSEN, Defendant-Appellee.

First District (3rd Division)   No. 1—97—1977

Opinion filed May 20, 1998.

Donald L. Johnson, of Chicago, for appellant.

Ira B. Goldstein, Ltd., of Joliet, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff William Kramer appeals the dismissal of his legal malpractice action against defendant Lawrence Dirksen, his attorney in a criminal case in which Kramer was convicted. The issue we address is whether a criminal defendant who has been found guilty is estopped from suing his lawyer for malpractice. The trial court so found and dismissed the malpractice action. We affirm.

In June 1993, plaintiff and Seth Dahm were in a speeding car that crashed. Dahm was killed. Plaintiff was later tried and convicted of reckless homicide. See *People v. Kramer*, 278 Ill. App. 3d 963, 664 N.E.2d 126 (1996). Plaintiff moved for a new trial, arguing that he was denied effective assistance of counsel. The motion was denied. The appellate court affirmed plaintiff's conviction, finding that defense counsel's representation was not ineffective and that, even if it were, plaintiff was not prejudiced by defense counsel's conduct.

Plaintiff then sued his defense counsel, Lawrence Dirksen, for legal malpractice. Plaintiff alleges that he was "not guilty" of reckless homicide. He claims he was the passenger in the car and that Dahm was the driver. Plaintiff further alleges that defendant negligently failed to impeach a witness. Defendant knew that one of the witnesses who identified plaintiff as the driver had earlier said he could not actually see who was driving the car. Plaintiff also claims that defendant negligently refused to call an expert hired by plaintiff's family. The expert would have testified that the eyewitnesses could not have identified plaintiff as the driver. Plaintiff contends that as a result of defendant's negligence, he was convicted.

Defendant moved to dismiss plaintiff's complaint under sections 2—619(a)(4) and (a)(9) of the Code of Civil Procedure. 735 ILCS 5/2—619(a)(4), (a)(9) (West 1996). Defendant argued that plaintiff's cause of action was collaterally estopped because the issues of plaintiff's guilt, defendant's ineffective assistance (and so malpractice), and the proximate cause of plaintiff's conviction were decided in *People v. Kramer*, 278 Ill. App. 3d 963. The trial court granted defendant's motion.

■ Plaintiff first raises a procedural argument on appeal that the trial court "improperly treated defendant's motion to dismiss *** like a motion for summary judgment." Plaintiff notes that, under a section 2—619 motion to dismiss, all well-pleaded facts in the complaint and reasonable inferences drawn from them are taken as true. See *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 85, 651 N.E.2d 1132 (1995). But plaintiff's reading of the scope of a sec-

tion 2—619 motion is too narrow. Plaintiff contends that the court erred by relying on facts decided in the criminal case and reviewed in *People v. Kramer*, 278 Ill. App. 3d 963. But the court did not "rely" on the facts in *People v. Kramer*. Under section 2—619(a)(4), the court relied on the finding of guilty and resulting judgment that effectively "froze" the facts that control this case. If plaintiff is estopped by a prior judgment from alleging certain facts in his complaint, those facts are not "well-pleaded" and need not be presumed to be true. *Cf. Nagy v. Beckley*, 218 Ill. App. 3d 875, 883, 578 N.E.2d 1134 (1991). We take judicial notice of the *Kramer* criminal case, not because it disposed of "evidence" that refutes plaintiff's allegations, but because it is a judgment that precludes certain allegations in subsequent litigation. The motion to dismiss under section 2—619(a)(4) was properly brought and ruled on.

We next address whether plaintiff's malpractice suit was properly dismissed. We review a trial court's dismissal under section 2—619 of the Code of Civil Procedure *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993).

■ The elements of legal malpractice are: (1) the existence of an attorney/client relationship which establishes a duty on the part of the attorney; (2) breach of that duty; (3) proximate cause; and (4) damages. *Pelham v. Griesheimer*, 92 Ill. 2d 13, 440 N.E.2d 96 (1982). In a usual legal malpractice case, a plaintiff must prove that he would have successfully prosecuted or defended the underlying suit if the defendant had not been negligent. *Ignarski v. Norbut*, 271 Ill. App. 3d 522, 525-26, 648 N.E.2d 285 (1995). A plaintiff who was a defendant in a civil case could recover for his attorney's malpractice if the plaintiff showed that, absent defendant's malpractice, he would have escaped liability. See *Bucci v. Rustin*, 227 Ill. App. 3d 779, 784-85, 592 N.E.2d 297 (1992). If we apply that standard here, plaintiff would be allowed to recover if he proved that absent defendant's malpractice, he would have been acquitted. But we agree with defendant that policy reasons require a different analysis in a criminal case.

The majority of states require an additional element in legal malpractice cases where the underlying case is criminal. It is possible that a plaintiff who has been found guilty of a crime would profit from his criminal activity. See *Levine v. Kling*, 123 F.3d 580, 582 (7th Cir. 1997). To avoid this result, most states require a legal malpractice plaintiff to prove, not that he would have been acquitted but for the attorney's negligence, but that he is innocent of the crime charged. See, *e.g., Glenn v. Aiken*, 409 Mass. 699, 702, 569 N.E.2d 783, 785-86 (1991); *Carmel v. Lunney*, 70 N.Y.2d 169, 173, 511 N.E.2d 1126, 1128, 518 N.Y.S.2d 605, 607 (1987); *State ex rel. O'Blennis v.*

*Adolf*, 691 S.W.2d 498, 504 (Mo. App. 1985); *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995).

In *Levine*, the seventh circuit concluded that Illinois courts would follow the majority and elaborated on the burden faced by a legal malpractice plaintiff who sues his criminal lawyer. *Levine*, 123 F.3d at 582. See also *Walker v. Kruse*, 484 F.2d 802 (7th Cir. 1973). The court reasoned:

> "Tort law provides damages only for harms to the plaintiff's legally protected interests, *Restatement (Second) of Torts*, § 1 comment d, § 7(1) (1965), and the liberty of a guilty criminal is not one of them. The guilty criminal may be able to obtain an acquittal if he is skillfully represented, but he has no right to that result ***, and the law provides no relief if the 'right' is denied him." *Levine*, 123 F.2d at 582.

The court held that a plaintiff suing his former criminal defense counsel must prove his own innocence and that a plaintiff was precluded from doing so if his conviction has not been overturned. *Levine*, 123 F.3d at 583.

The policy reasons for requiring a plaintiff to prove his innocence discussed in *Levine* and relied on by other states are persuasive. We agree that under Illinois law a plaintiff must prove his innocence before he may recover for his criminal defense attorney's malpractice.

We next address the second holding in *Levine* that, if a plaintiff's conviction is not overturned, he is barred by the doctrine of collateral estoppel from presenting evidence to prove his innocence. See *Levine*, 123 F.3d at 583, citing *Appley v. West*, 832 F.2d 1021, 1025-26 (7th Cir. 1987); *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988); Restatement (Second) of Judgments § 85(2)(a) & Comment *e* (1982).

■ Collateral estoppel precludes a party from relitigating issues decided in an earlier proceeding. *Herzog v. Lexington Township*, 167 Ill. 2d 288, 657 N.E.2d 926 (1995). Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff previously litigated and lost. *In re Owens*, 125 Ill. 2d 390, 397, 532 N.E.2d 248 (1988). To invoke the doctrine of collateral estoppel, a defendant must show that: (1) the issue decided in an earlier adjudication is the same as the issue raised in the current case; (2) there was a final judgment on the merits in the earlier case; and (3) the party against whom estoppel is asserted was a party or in privity with a party in the earlier case. *Illinois State Chamber of Commerce v. Pollution Control Board*, 78 Ill. 2d 1, 7, 398 N.E.2d 29 (1979).

■ Although under Illinois law there are some circumstances under which a plaintiff may relitigate issues previously decided by a

criminal trial court (see *Talarico v. Dunlap*, 177 Ill. 2d 185, 685 N.E.2d 325 (1997)), collateral estoppel bars plaintiff's suit here.

In *Talarico*, our supreme court noted that "[i]t is generally accepted that a criminal conviction collaterally estops a defendant from contesting in a subsequent civil proceeding the facts established and the issues decided in the criminal proceeding." 177 Ill. 2d at 193, citing 50 C.J.S. *Judgments* § 922 (1997). *Talarico* involved an exception to this general principle—an exception not applicable here. Our supreme court held that the plaintiff was not estopped from alleging that medication prescribed by a doctor caused his criminal behavior even though plaintiff pled guilty and admitted that his criminal conduct was knowing and intentional. The court considered that the plaintiff's acceptance of the plea bargain would result in a significant reduction in the charges and sentence. The court also noted that the plaintiff was motivated by the desire to finish medical school, which he could not do if sentenced to prison. The court concluded that the plaintiff lacked an "incentive to litigate" the issue before the criminal trial court.

Plaintiff here had no similar lack of incentive to litigate. Unlike the plaintiff in *Talarico*, plaintiff did not accept a plea bargain. Nor has plaintiff otherwise shown how applying the doctrine of collateral estoppel would be unfair. Plaintiff fully litigated the issues of his guilt, whether he had effective assistance of counsel, and whether he was prejudiced by his attorney's actions.

Plaintiff suggests, however, that it would be unjust to preclude him from litigating the issue of his innocence where his guilty verdict may have been caused by defendant's malpractice. But not only was plaintiff's guilt litigated in the earlier criminal action, so were the issues of whether plaintiff's counsel was effective and whether plaintiff was prejudiced by his counsel's actions. We believe those states that have found that the issue of "ineffective assistance of counsel" is the equivalent of negligence and causation in a plaintiff's malpractice case, for purposes of collateral estoppel, are persuasively reasoned. See *Zeidwig v. Ward*, 548 So. 2d 209, 214 (Fla. 1989); *Knoblauch v. Kenyon*, 163 Mich. App. 712, 415 N.W.2d 286 (1987). In a legal malpractice case, a plaintiff must prove that the attorney failed to exercise a reasonable degree of care and skill in the performance of his professional duties. See *Smiley v. Manchester Insurance & Indemnity Co.*, 71 Ill. 2d 306, 313, 375 N.E.2d 118 (1978). A plaintiff must also show that the defendant's negligence caused the adverse outcome in litigation. *Ignarski*, 271 Ill. App. 3d at 525. To prove "ineffective assistance of counsel," a criminal defendant must show that his attorney's performance fell "below an objective standard of

reasonableness under 'prevailing professional norms'" and that defense counsel's performance "'so prejudiced the defense as to deny the defendant a fair trial.'" *People v. Perez*, 148 Ill. 2d 168, 186, 592 N.E.2d 984 (1992), quoting *Strickland v. Washington*, 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984), and *People v. Franklin*, 135 Ill. 2d 78, 116-17, 552 N.E.2d 743 (1990). These standards require a criminal defendant and legal malpractice plaintiff to prove the same elements of a defense counsel's conduct. The standards differ only in the way they have been articulated. They are the same for purposes of collateral estoppel. See *Zeidwig*, 548 So. 2d at 214. Put another way, an essential element of negligence and ineffective assistance of counsel under the second prong of *Strickland* is proximate cause. The finding in *People v. Kramer* that defense counsel was not ineffective and that, even if he were, plaintiff was not prejudiced established that defendant's representation was not a proximate cause of plaintiff's conviction.

Plaintiff argues that the issue of whether his defense counsel was negligent was not "fully litigated" because he did not have the benefit of discovery during the criminal proceedings. Plaintiff cites no authority for the proposition that an issue cannot be fully litigated absent discovery. If we were to hold that discovery is required before an issue is "fully litigated," we would be contravening our supreme court's recognition of the general rule that criminal judgments may have preclusive effect in later civil suits. An issue has been fully litigated if it was treated seriously when first litigated. See *Talarico*, 177 Ill. 2d at 196. The issue of defendant's effectiveness was treated seriously during the criminal proceedings. Plaintiff made an offer of proof attempting to show that defendant failed to impeach a witness and refused to call an expert witness. The matter was fully argued before the trial court and on appeal. When the appellate court concluded that plaintiff was not prejudiced, even assuming ineffectiveness on the part of counsel, the court was saying that, given the evidence in the State's case, defendant was proven guilty beyond a reasonable doubt and that the work of his lawyer played no part in his conviction.

Affirmed.

GORDON and BURKE, JJ., concur.