11 June 1999

No. 2--98--0391

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

BRITE LIGHTS, INC., ) Appeal from the Circuit Court

) of Lake County.

Plaintiff-Appellant, )

)

)

) No. 97--L--560

THOMAS W. GOOCH III and )

THOMAS W. GOOCH AND )

ASSOCIATES, ) Honorable

) Jack Hoogasian,

Defendants-Appellees. ) Judge, Presiding.

_________________________________________________________________

JUSTICE THOMAS delivered the opinion of the court:

Plaintiff, Brite Lights, Inc., filed a one-count complaint for legal malpractice against defendants, Thomas W. Gooch III and Thomas W. Gooch & Associates.  The trial court granted defendants' motion to dismiss the complaint pursuant to section 2--619 of the Code of Civil Procedure (Code)(735 ILCS 5/2--619 (West 1996)), on the ground that plaintiff's complaint was barred by the statute of limitations for claims against attorneys (see 735 ILCS 5/13--

214.3(b)(i) (West 1996)).  The trial court then denied plaintiff's posttrial motion.  Plaintiff now timely appeals the dismissal of its complaint.

Plaintiff filed its legal malpractice complaint against defendants on July 10, 1997.  Because plaintiff's appeal is before this court pursuant to defendants' section 2--619 motion to dismiss, we will accept as true the well-pleaded factual allegations of plaintiff's complaint.  
Tucek v. Grant
, 129 Ill. App. 3d 236 (1984).  Plaintiff's complaint alleged that it had filed a lawsuit against Plote, Inc. (Plote), on or about June 1, 1994, for damages and costs in excess of $350,000.  Plote then moved to disqualify plaintiff's attorney, who also was one of plaintiff's shareholders, on the ground that he would be called as a material witness in the case.  On June 22, 1994, the trial court granted Plote's motion to disqualify plaintiff's attorney, set the case for status hearing on July 13, 1994, and gave plaintiff 21 days to obtain new counsel.

On June 25, 1994, defendants orally agreed to represent plaintiff in its claim against Plote for a one-third contingency fee.  As part of their representation of plaintiff, defendants agreed to appear at the July 13, 1994, status hearing and to prepare and file responsive pleadings along with an amended complaint.  Defendants, however, failed to appear at the July 13, 1994, status hearing, and never filed any responsive pleadings or an amended complaint on plaintiff's behalf.

As a result of defendants' failure to appear at the July 13, 1994, status hearing, plaintiff's case was dismissed for want of prosecution (DWP).  On August 15, 1994, defendants filed a motion to vacate the DWP.  The trial court denied the motion to vacate the DWP on the ground that the motion was not timely.  Plaintiff alleged that defendant Gooch then recommended refiling the action with a new complaint before the close of the statutory period, which was one year from the date of the DWP order.  Plaintiff instructed defendant Gooch to refile the action and to pursue settlement negotiations.  Despite plaintiff's instructions, defendants never refiled the action and never advised plaintiff that they had failed to do so.  Plaintiff alleged that as a direct and proximate result of the foregoing negligent acts, plaintiff's claim against Plote was dismissed and plaintiff now is barred as a matter of law from refiling the claim.

Defendants filed a motion to dismiss plaintiff's claim for legal malpractice pursuant to section 2--619 of the Code.  Defendants argued that their alleged negligence occurred either on July 13, 1994, when plaintiff's case was dismissed for want of prosecution, or on August 15, 1994, when the trial court denied the motion to vacate.  Consequently, defendants argued that the two-

year statute of limitations for legal malpractice (735 ILCS 5/13--214.3(b)(i) (West 1996)) had run by the time plaintiff's complaint was filed on July 10, 1997.  In response, plaintiff argued that its cause of action accrued upon defendants' failure to refile the action against Plote on or before July 12, 1995; therefore, its complaint was timely.  

In its order ruling on defendants' motion to dismiss, the trial court noted that because the statute of limitations for legal malpractice is two years, defendants' negligence must have occurred on or after July 10, 1995, in order for plaintiff's complaint to be timely.  The trial court concluded that plaintiff's cause of action accrued when the DWP order was entered on July 13, 1994; therefore, plaintiff's complaint was barred by the statute of limitations.

Plaintiff then filed a motion to reconsider with the trial court.  In its motion to reconsider, plaintiff conceded that the negligent acts that had resulted in the DWP of its case and the denial of the motion to vacate were barred by the two-year statute of limitations.  Plaintiff argued, however, that the portion of its complaint alleging that defendants were negligent in failing to refile the complaint against Plote within one year of the DWP was timely because it had been filed within the two-year statute of limitations.  The trial court disagreed and denied plaintiff's motion to reconsider.  Plaintiff then filed this appeal.

A section 2--619 motion is intended to provide a means to dispose of issues of law and easily proved issues of fact.  
Goran v. Glieberman
, 276 Ill. App. 3d 590, 592 (1995).  A trial court ruling on a section 2--619 motion to dismiss may consider pleadings, depositions, and affidavits.  
Goran
, 276 Ill. App. 3d at 592.  This court determines the propriety of the granting of a motion to dismiss 
de
 
novo
.  
Goran
, 276 Ill. App. 3d at 592.  The issue on appeal is whether a genuine issue of material fact existed which should have precluded dismissal, or absent a genuine issue of material fact, whether the dismissal was proper as a matter of law.  
Goran
, 276 Ill. App. 3d at 592.

At issue in this appeal is when plaintiff's cause of action accrued for purposes of the statute of limitations.  Plaintiff contends that its cause of action accrued when its complaint became time barred, which was when defendants failed to refile plaintiff's claim against Plote within one year from the date that it was dismissed for want of prosecution.  In response, defendants argue that plaintiff's claim for legal malpractice accrued when plaintiff first suffered actual damages, 
i.e.
, the entry of the DWP order and the untimely motion to vacate.

A plaintiff in a legal malpractice action must plead that (1) its attorney owed it a duty of care arising from the attorney-client relationship, (2) the defendant-attorney breached that duty, and (3) as a proximate result of the defendant's breach, the plaintiff suffered actual damages or injury.  
Palmros v. Barcelona
, 284 Ill. App. 3d 642, 646 (1996).  Actual damages are an essential element of a cause of action for legal malpractice because absent damages no cause of action has accrued.  
Palmros
, 284 Ill. App. 3d at 646.  Thus, a plaintiff is injured for purposes of legal malpractice, and the statute of limitations period begins to run, when a plaintiff has suffered a loss for which it may seek damages.  
Palmros
, 284 Ill. App. 3d at 646.  

Here, defendants argued, and the trial court agreed, that plaintiff knew or should have known that it suffered actual damages for purposes of the statute of limitations at the time that the DWP order was entered.  We disagree.  Pursuant to section 13--217 of the Code (735 ILCS 5/13--217 (West 1996)), an order dismissing a cause for want of prosecution may be refiled within one year after the dismissal or within the remaining limitations period, whichever is greater.  A DWP order cannot be considered a final order during the time period in which the option to refile is available.  
S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander
, 181 Ill. 2d 489, 501-02 (1998).  It is only at the time that the period for refiling expires that a DWP order becomes a final judgment because at that point "the order effectively 'ascertains and fixes absolutely and finally the rights of the parties in the lawsuit.'" 
Vaughan
, 181 Ill. 2d at 502, quoting 
Flores v. Dugan
, 91 Ill. 2d 108, 112 (1982). 

Based upon the foregoing, the trial court erred as a matter of law in holding that plaintiff knew or should have known that it suffered actual damages at the time that the DWP order was entered.  Damages are speculative when uncertainty exists as to the fact of damages.  
Goran
, 276 Ill. App. 3d at 595.  Because the DWP order was not a final order until the one-year refiling period had expired, plaintiff's damages were uncertain, and therefore were speculative, at the time that the DWP order was entered.  Further, because plaintiff's damages were uncertain and speculative when the DWP order was entered, plaintiff's cause of action could not have accrued upon the entry of the order.  

Plaintiff's claim for legal malpractice did not accrue until it suffered a loss for which it could seek damages.  See 
Palmros
, 284 Ill. App. 3d at 646.  It was only when the DWP judgment became final, upon the expiration of the one-year period for refiling, that plaintiff suffered a loss for which it could seek damages.  The period for refiling the claim against Plote expired on July 13, 1995, at which time the two-year statute of limitations for legal malpractice began to run.  The legal malpractice statute of limitations expired on July 13, 1997.  Plaintiff filed its complaint against defendants on July 10, 1997.  Accordingly, plaintiff's legal malpractice complaint was timely filed, and the trial court erred in granting defendants' section 2--619 motion to dismiss. 

For all of the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

MCLAREN and RAPP, JJ., concur.