RICHARD R. JOHNSON, Plaintiff-Appellant and Cross-Appellee, v. MICHAEL J. HALLORAN *et al.*, Defendants-Appellees and Cross-Appellants.

First District (4th Division)    No. 1—98—2365

Opinion filed January 13, 2000.—Rehearing denied April 25, 2000.

Wolter, Beeman, Lynch & McIntyre, of Springfield (Bruce A. Beeman, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Patricia Shymanski, Richard A. Stevens, and Peter Zaper, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE HALL delivered the opinion of the court:

This case is a legal malpractice action filed by plaintiff, Richard R. Johnson, against several Cook County public defenders and the County of Cook. Defendants sought dismissal of this action based on the one-year statute of limitations under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8—101 (West 1996)). The circuit court denied this motion on August 1, 1997. Defendants then moved for summary judgment on the basis of sovereign immunity. The circuit court granted summary judgment as to all defendants on May 27, 1998. On June 24, 1998, plaintiff filed his timely notice of appeal. On July 1, 1998, defendants filed a notice of cross-appeal with respect to the August 1, 1997, denial of their motion to dismiss based on the statute of limitations.

BACKGROUND

On November 22, 1996, Johnson filed a complaint for legal malpractice against defendants, Michael J. Halloran, Moses Collins, Shelton O. Green, and Rita A. Fry, individually and as public defender of Cook County. Johnson also included a count against the County of Cook based on a *respondeat superior* theory.

Prior to the filing of the present action, on August 8, 1991, Johnson was charged with aggravated criminal sexual assault in the circuit court of Cook County. The public defender of Cook County was appointed by the court to represent Johnson in the criminal case. The defense in the criminal case was then assigned to assistant public defender Halloran.

Pretrial discovery disclosed by the State in the criminal case included two Chicago police department lab reports. These lab reports showed that body fluids on the vaginal swab and panties of the victim immediately following the attack revealed the presence of H activity, indicating that such body fluids were from a person who was a secretor. The blood and saliva samples taken from the victim and from Johnson showed that they were both nonsecretors. These results established that Johnson could not have been the sole donor of the foreign body fluids found on the person or clothing of the victim. Hal-

loran did not seek to use this information in the underlying criminal trial. Rather, at a pretrial hearing, Halloran presented a motion *in limine* to prohibit the State from introducing any evidence of blood, semen, or saliva testing. The circuit court granted Halloran's motion *in limine* on September 4, 1992.

Following a bench trial, Johnson was convicted in the underlying criminal case and was sentenced to 30 years in the Illinois Department of Corrections. Prior to this conviction, no DNA profile was performed on Johnson, the victim, or the victim's husband.

Johnson's conviction was vacated on March 8, 1996, pursuant to a postconviction petition based on DNA test results. Prior to his release, Johnson sent a letter dated February 8, 1993, to defendant Rita A. Fry, public defender of Cook County, complaining about the legal representation he received in his criminal case. In this letter, Johnson specifically mentioned DNA evidence. Johnson also sent a letter to the Attorney Registration and Disciplinary Commission (ARDC) date stamped March 3, 1993, complaining about the legal representation he received from Halloran.

In the instant case, defendants filed a motion to dismiss plaintiff's complaint based on the statute of limitations, which was denied. Defendants filed a motion for summary judgment on the basis of sovereign immunity, arguing that public defenders are employees of the state and therefore the circuit court lacked subject matter jurisdiction to hear this case because plaintiff's claims must be brought in the Illinois Court of Claims. The circuit court granted defendants' motion on May 27, 1998.

On appeal plaintiff contends that the circuit court erred in granting summary judgment in favor of the defendants on the basis of sovereign immunity because (a) public defenders are not agents or employees of the state, and (b) defendants' professional duties to their clients do not arise solely as a result of their government employment. On cross-appeal defendants contend that the circuit court erred in finding that plaintiff's complaint was timely filed.

## DISCUSSION

### A. Standard of Review

■ In appeals from summary judgment rulings, this court conducts a *de novo* review. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 607 N.E.2d 1204 (1992). Summary judgment is appropriate only when there are no genuine issues of material fact and

the moving party is entitled to judgment as a matter of law. *Purtill v. Hess*, 111 Ill. 2d 229, 489 N.E.2d 867 (1986).

B. Sovereign Immunity

■ Article XIII, section 4, of the Illinois Constitution of 1970 abolished sovereign immunity "[e]xcept as the General Assembly may provide by law." Ill. Const. 1970, art. XIII, § 4. The legislature enacted the State Lawsuit Immunity Act, which provides in pertinent part:

> "Except as provided in *** 'AN ACT to create the Court of Claims ***', *** the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1(West 1996).

The Court of Claims Act established the Court of Claims and endowed it with exclusive jurisdiction to hear certain matters, including "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit." 705 ILCS 505/8(d) (West 1996).

The plaintiff argues that Cook County public defenders are county employees and, therefore, the circuit court erred in applying the doctrine of sovereign immunity. Defendants contend that they are employees of the state so that sovereign immunity would apply.

1. Source of Duty

Whether or not public defenders are state employees or county employees, the circuit court erred in applying sovereign immunity in this case because defendants' professional duties to their clients did not arise solely as a result of their government employment.

■ Whether an action is a suit against the state or merely an action against an employee for his own individual acts of negligence depends upon the issues involved and the relief sought, rather than the formal designation of the parties. *Currie v. Lao*, 148 Ill. 2d 151, 592 N.E.2d 977 (1992); *Healy v. Vaupel*, 133 Ill. 2d 295, 549 N.E.2d 1240 (1990). A suit against a state employee in his individual capacity is a claim against the state when the judgment for the plaintiff could control the state's actions or subject it to liability. *Wozniak v. Conry*, 288 Ill. App. 3d 129, 679 N.E.2d 1255 (1997). However, a state employee is not immunized by sovereign immunity for his own acts of negligence merely because he was acting within the scope of his employment. *Currie*, 148 Ill. 2d at 158; *Wozniak*, 288 Ill. App. 3d at 133.

The supreme court has instructed that when determining whether a tort claim arising out of the alleged on-the-job negligence of a state employee is in reality a claim against the state, the proper inquiry is into the source of the duty the employee is charged with breaching.

*Currie*, 148 Ill. 2d at 159. The supreme court explained the source-of-duty analysis as follows:

> "Where the charged act of negligence arose out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State employment, sovereign immunity will bar maintenance of the action in circuit court. [Citations.] Conversely, where the employee is charged with breaching a duty imposed on him *independently* of his State employment, sovereign immunity will not attach and a negligence claim may be maintained against him in circuit court. [Citations.] In other words, where an employee of the State, although acting within the scope of his employment, is charged with breaching a duty that arose independently of his State employment, a suit against him will not be shielded by sovereign immunity." (Emphasis in original.) *Currie*, 148 Ill. 2d at 159.

The determination to be made is whether the defendants owed a duty to plaintiff that existed independent of their employment by the state or if the duty allegedly breached by defendants had no existence outside their state employment. The cases involving state-employed doctors provide guidance.

In *Janes v. Albergo*, 254 Ill. App. 3d 951, 626 N.E.2d 1127 (1993), the plaintiff filed a medical malpractice suit in the circuit court against three doctors who were employed by a state mental health center. The defendant doctors argued that because they were state employees, the Court of Claims had exclusive jurisdiction to hear the claim. The court recognized that a doctor's duty is to exercise the same degree of knowledge, skill, and care that a reasonably well-qualified doctor in the same or similar community would use under similar circumstances. The court found that this duty is derived from the doctor's status as a licensed physician and is wholly independent of the doctor's state employment. The court held that the suit could not be considered to be against the state because the duties that the defendants allegedly breached were duties that arose out of the physician/patient relationship. They were duties that every doctor owed his patients, rather than obligations incurred solely by virtue of holding a public office. See also *Moss v. Miller*, 254 Ill. App. 3d 174, 625 N.E.2d 1044 (1993); *Kiersch v. Ogena*, 230 Ill. App. 3d 57, 595 N.E.2d 696 (1992); *Madden v. Kuehn*, 56 Ill. App. 3d 997, 372 N.E.2d 1131 (1978).

■ These cases involving state-employed doctors cannot be distinguished from the case at bar. Every attorney has the duty to exercise a reasonable degree of skill and care in representing his client. *Smiley v. Manchester Insurance & Indemnity Co.*, 71 Ill. 2d 306, 375 N.E.2d 118 (1978); *Kerschner v. Weiss & Co.*, 282 Ill. App. 3d 497, 667 N.E.2d 1351 (1996). Plaintiff has alleged that defendants breached

their duty to use the skill and care ordinarily used by a reasonably well-qualified attorney under similar circumstances. This is the same duty owed by every attorney to every client regardless of whether the attorney is a state employee. See *Polk County v. Dodson*, 454 U.S. 312, 318, 70 L. Ed. 2d 509, 516, 102 S. Ct. 445, 449-50 (1981) (" 'Once a lawyer has undertaken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defense program.' [Citation.]") This duty is derived from the lawyer's status as a licensed attorney and is wholly independent of the lawyer's state employment.

"A State employee who breaches a duty he owes regardless of his State employment is no more entitled to immunity than is a private individual who breaches that same duty; the mere fact of his State employment should not endow him with heightened protection." *Currie*, 148 Ill. 2d at 160. Whether the defendants are state employees or county employees, the doctrine of sovereign immunity is inapplicable in this case because the duties that defendants allegedly breached did not arise solely as a result of defendants' state employment and the doctrine of sovereign immunity does not pertain to county employees. See 745 ILCS 5/1 (West 1996); 705 ILCS 505/8(d) (West 1996).

2. State Employment

Because of our findings regarding the source-of-duty rule, we need not determine whether Cook County public defenders are state or county employees.

C. Statute of Limitations

In their cross-appeal, defendants contend that the circuit court erred in finding plaintiff's complaint to be timely filed. Defendants argue that plaintiff's cause of action accrued in February or March of 1993 when plaintiff wrote letters to the public defender's office and the ARDC complaining about the representation he received at his criminal trial.

■ Plaintiff's cause of action accrued on March 8, 1996, when his criminal conviction was overturned. It was at this point that all of the elements of plaintiff's cause of action were present. See *Lucey v. Law Offices of Pretzel & Stouffer*, 301 Ill. App. 3d 349, 703 N.E.2d 473 (1998); *Kramer v. Dirksen*, 296 Ill. App. 3d 819, 695 N.E.2d 1288 (1998). The applicable statute of limitations is the one-year limitations period found in section 8—101 of the Tort Immunity Act (745 ILCS 10/8—101 (West 1996)). Thus, plaintiff's complaint, filed November 22, 1996, was timely filed. ·

CONCLUSION

We find that the circuit court's order granting summary judgment in favor of defendants on the basis of sovereign immunity should be reversed and this action remanded for further proceedings. We also find that the circuit court's order denying defendants' motion to dismiss based on the statute of limitations should be affirmed.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is affirmed in part and reversed in part; cause remanded.

Affirmed in part and reversed in part; cause remanded.

HOFFMAN, P.J., and BURKE, J., concur.