LEE O. GRIFFIN, Plaintiff-Appellee, v. MARVIN GOLDENHERSH *et al.*, Defendants-Appellants.

Fifth District   No. 5—00—0109

Opinion filed July 3, 2001.

400

COOK, J., specially concurring.

Brian W. Bell and Sheryl A. Pethers, both of Swanson, Martin & Bell, of Chicago, and Theodore R. Harvey, Jr., of Freeark, Harvey, Mendillo, Dennis, Wuller & Cain, of Belleville, for appellants.

George R. Ripplinger, of George Ripplinger & Associates, of Belleville, for appellee.

JUSTICE KNECHT delivered the opinion of the court:
In June 1998, plaintiff, Lee O. Griffin, filed suit against defendants,

Marvin Goldenhersh (Marvin), Del Goldenhersh, and the professional corporation of Goldenhersh & Goldenhersh, for damages resulting from Marvin's legal representation of plaintiff in a 1981 criminal matter. Defendants filed a motion to dismiss plaintiff's cause of action as time-barred, which the trial court denied. Defendants brought this interlocutory appeal, in which the trial court certified the following questions (155 Ill. 2d R. 308):

> "[(1)] Whether the applicable statute of limitations bars a cause of action for legal malpractice brought in June 1998 by an attorney's former client who was found guilty of murder in 1981 and incarcerated, and whose conviction was later overturned on the basis of ineffective assistance of counsel and he was then released from prison in October 1996[.]

> [(2)] Whether the applicable statute of repose bars a cause of action for legal malpractice brought in June 1998 by an attorney's former client who was found guilty of murder in 1981 and incarcerated, and whose conviction was later overturned on the basis of ineffective assistance of counsel and he was then released from prison in October 1996[.]

> [(3)] Whether application of the statute of repose to bar a claim for legal malpractice by an inmate who was estopped from bringing a cause of action for legal malpractice while he was incarcerated violates plaintiff's rights under the equal protection and due process clauses of both the Illinois and [United States] Constitutions[.]"

We answer the second question in the affirmative and the first and third questions in the negative.

## I. BACKGROUND

On June 29, 1998, plaintiff filed a two-count complaint for legal malpractice, consisting of negligence and breach of contract claims, against defendants for Marvin's representation of plaintiff in a 1981 criminal matter.

### A. Plaintiff's Conviction

In February 1981, four people were repeatedly shot. One person survived and was later the State's key witness. Within hours of the shooting, plaintiff was arrested. *People v. Griffin*, 124 Ill. App. 3d 169, 170, 463 N.E.2d 1063, 1064 (1984) (*Griffin II*). Plaintiff originally retained Ralph Derango to represent him. *Griffin II*, 124 Ill. App. 3d at 171, 463 N.E.2d at 1064. Several days later, Jimmie Lee Smith was arrested for the same shootings and retained Marvin to represent him. After plaintiff's family discharged Derango, Marvin undertook the joint representation of plaintiff and Smith. *Griffin II*, 124 Ill. App. 3d at 171, 463 N.E.2d at 1065. (In a deposition relating to the *habeas*

*corpus* petition, Marvin claims he undertook representation of plaintiff prior to representing Smith. *Griffin v. McVicar*, 84 F.3d 880, 881 n.1 (7th Cir. 1996).)

In a hearing on a motion to continue, the trial court probed for a possibility of a conflict in the joint representation, and Marvin stated no conflict existed. Prior to jury selection, the State's Attorney again questioned whether a conflict existed. *Griffin II*, 124 Ill. App. 3d at 171, 463 N.E.2d at 1065. Neither Marvin nor the trial court responded to the State's Attorney's question, and the case proceeded to trial without further inquiry. *McVicar*, 84 F.3d at 882.

In June 1981, a jury found plaintiff guilty of three counts of murder and one count of armed violence. The trial court sentenced plaintiff to three concurrent 40-year prison terms for the murder convictions and a concurrent 30-year prison term for the armed violence conviction. *Griffin II*, 124 Ill. App. 3d at 170, 463 N.E.2d at 1064.

## B. History of Plaintiff's Ineffective Assistance of Counsel Claims

On direct appeal of his criminal conviction, plaintiff argued ineffective assistance of counsel based on his trial counsel's representation of both plaintiff and Smith as having precluded counsel from pursuing the theory most advantageous to plaintiff. *People v. Griffin*, 124 Ill. App. 3d 119, 127-28, 463 N.E.2d 1055, 1061-62 (1984) (*Griffin I*). The Fifth District found plaintiff failed to show ineffectiveness and affirmed plaintiff's conviction (*Griffin I*, 124 Ill. App. 3d at 128, 463 N.E.2d at 1062), and the Supreme Court of Illinois denied leave to appeal (*People v. Griffin*, 101 Ill. 2d 571 (1984) (No. 60655)).

In August 1982, plaintiff filed a postconviction petition under paragraph 122—1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1981, ch. 38, par. 122—1), again arguing ineffective assistance of counsel based on the conflict of interest arising out of the joint representation. *Griffin II*, 124 Ill. App. 3d at 176, 463 N.E.2d at 1068. The trial court denied plaintiff's petition, and plaintiff appealed. *Griffin II*, 124 Ill. App. 3d at 177, 463 N.E.2d at 1069. On appeal, the Fifth District found ineffective assistance of counsel based on trial counsel's conflict of loyalties between plaintiff and Smith, reversed plaintiff's conviction, and remanded the case to the trial court for a new trial. *Griffin II*, 124 Ill. App. 3d at 181-83, 463 N.E.2d at 1072-73, *rev'd*, 109 Ill. 2d 293, 487 N.E.2d 594 (1985). The supreme court reversed the Fifth District and affirmed the trial court's judgment denying the postconviction petition, reasoning plaintiff's joint alibi testimony refuted the conflict. *Griffin II*, 109 Ill. 2d at 308-09, 487 N.E.2d at 605.

In March 1991, plaintiff filed a writ of *habeas corpus* pursuant to section 2254 of Title 28 of the United States Code (28 U.S.C. § 2254

(1982)) in the United States District Court for the Southern District of Illinois. The district court denied the petition, and plaintiff appealed. *Griffin v. Camp*, 40 F.3d 170, 171 (7th Cir. 1994). In November 1994, the Seventh Circuit remanded the case to the district court for clarification because of inconsistencies between the district court's factual findings and the record. *Griffin v. Camp*, 40 F.3d at 174. On May 4, 1995, the district court found that an actual conflict of interest existed in Marvin's representation of plaintiff and Smith. *Griffin v. Haws*, No. 91—228, slip order at 13 (S.D. Ill. May 4, 1995) (unpublished order). Accordingly, the district court overturned plaintiff's conviction and granted plaintiff's petition for writ of *habeas corpus*. *Griffin v. Haws*, slip order at 13-14. The State appealed. On May 21, 1996, the Seventh Circuit affirmed the district court's judgment and issued a writ stating plaintiff is to be released from custody, "unless the State of Illinois elects to retry [plaintiff] within [120] days from the issuance of this [c]ourt's final mandate." *McVicar*, 84 F.3d at 891. On September 23, 1996, the Seventh Circuit denied the State's petition for rehearing and on September 27, 1996, issued its final mandate. Plaintiff was released from prison on October 9, 1996. On March 17, 1997, the United States Supreme Court denied the State's petition for *certiorari. McVicar v. Griffin*, 520 U.S. 1139, 137 L. Ed. 2d 364, 117 S. Ct. 1288 (1997).

### C. Defendants' Motion to Dismiss

In August 1998, defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(5), (a)(9) (West 1998)), arguing the statute of limitations bars plaintiff's cause of action. Plaintiff responded, asserting the statute of limitations did not begin to run until, at the earliest, his release from prison. In reply, defendants contended even if plaintiff filed suit within the statute of limitations, the statute of repose bars it (735 ILCS 5/13—214.3 (West 1996)).

In May 1999, the trial court denied defendants' motion, stating application of the statute of repose here violates plaintiff's equal protection and due process rights under the United States and Illinois Constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2). Defendants then moved for a ruling on whether the statute of limitations had time-barred the cause. In July 1999, the trial court held the cause of action was timely because plaintiff filed within two years of the issuance of the Seventh Circuit's mandate for his release, *i.e.*, September 27, 1996.

Defendants moved for certification of questions for interlocutory appeal pursuant to Rule 308(a) (155 Ill. 2d R. 308(a)). In February

2000, the trial court found its May 12, 1999, and July 26, 1999, orders involve questions of law as to which substantial ground for difference of opinion exists, and an immediate appeal may materially advance ultimate termination of litigation. This appeal followed.

## II. ANALYSIS

### A. Statute of Limitations

In June 1981, when plaintiff was convicted, legal malpractice claims fell under the Code's general statute of limitations and were to "be commenced within 5 years next after the cause of action accrued." Ill. Rev. Stat. 1981, ch. 110, par. 13—205. The legislature amended the statute of limitations applicable to legal malpractice claims, effective January 1, 1991, reducing the statute of limitations from five years to two years and imposing a six-year statute of repose. Pub. Act 86—1371, § 1, eff. January 1, 1991 (1990 Ill. Laws 2842, 2842-43) (adding 735 ILCS 5/13—214.3 (West 1996)). The new section, section 13—214.3(f) of the Code (735 ILCS 5/13—214.3(f) (West 1996)), provides in pertinent part: "The provisions of Public Act 86—1371 creating this [s]ection apply to all causes of action *accruing on or after its effective date.*" (Emphasis added.) As stated, the effective date was January 1, 1991.

To determine the applicable statute of limitations, we must ascertain when plaintiff's cause of action accrued. Plaintiff argues his case accrued when the Seventh Circuit issued its final mandate on September 27, 1996. Defendants argue the case accrued when plaintiff was found guilty in June 1981. We agree with plaintiff.

●1, 2 This court has held a legal malpractice action accrues when the client discovers, or should have discovered, the facts establishing the elements of the cause of action. *Kohler v. Woollen, Brown & Hawkins*, 15 Ill. App. 3d 455, 460, 304 N.E.2d 677, 681 (1973). An action for legal malpractice consists of the following elements: (1) an attorney-client relationship; (2) a duty arising out of that relationship; (3) a breach of that duty; (4) causation; and (5) actual damages. *Land v. Auler*, 186 Ill. App. 3d 382, 384, 542 N.E.2d 509, 511 (1989). In a legal malpractice action against a criminal defense attorney, the plaintiff must also prove his innocence of the crime for which the defendant represented him. *Kramer v. Dirksen*, 296 Ill. App. 3d 819, 822, 695 N.E.2d 1288, 1290 (1998); *Moore v. Owens*, 298 Ill. App. 3d 672, 674-75, 698 N.E.2d 707, 709 (1998). Further, actual damages are not presumed, and thus the plaintiff must affirmatively plead and prove he suffered injuries resulting from the legal malpractice. Where the mere possibility of harm exists or damages are otherwise speculative, actual damages are absent, and no cause of action for malpractice yet

exists. *Lucey v. Law Offices of Pretzel & Stouffer, Chtrd.*, 301 Ill. App. 3d 349, 353, 703 N.E.2d 473, 477 (1998).

In *Johnson v. Halloran*, 312 Ill. App. 3d 695, 696, 728 N.E.2d 490, 491-92 (2000), the State charged the plaintiff with aggravated criminal sexual assault in August 1991 and the trial court appointed the public defender to represent the plaintiff. Following a bench trial, the trial court found the plaintiff guilty. *Johnson*, 312 Ill. App. 3d at 697, 728 N.E.2d at 492. His conviction was later vacated on March 8, 1996, pursuant to a postconviction petition based on DNA results. *Johnson*, 312 Ill. App. 3d at 697, 728 N.E.2d at 492. In 1993, before his release, the plaintiff sent letters to the Cook County public defender and the Attorney Registration and Disciplinary Commission (ARDC) complaining about his legal representation. *Johnson*, 312 Ill. App. 3d at 697, 728 N.E.2d at 492. In November 1996, the plaintiff filed a legal malpractice claim against several Cook County public defenders. *Johnson*, 312 Ill. App. 3d at 696, 728 N.E.2d at 491. The defendants argued the cause of action was time-barred because the action accrued in 1993 when plaintiff wrote the letters to ARDC. *Johnson*, 312 Ill. App. 3d at 700, 728 N.E.2d at 494. The First District held the action accrued on March 8, 1996, when the plaintiff's criminal conviction was overturned because at that point all of the elements of his cause of action for malpractice were present. *Johnson*, 312 Ill. App. 3d at 700, 728 N.E.2d at 494.

●3 One reason for following *Johnson* is "under Illinois law a plaintiff must prove his innocence before he may recover for his criminal defense attorney's malpractice." *Kramer*, 296 Ill. App. 3d at 822, 695 N.E.2d at 1290. While a legal malpractice plaintiff must prove his innocence, he is collaterally estopped from arguing facts established and issues decided in a criminal proceeding. *Kramer*, 296 Ill. App. 3d at 823, 695 N.E.2d at 1291. The elements of a legal malpractice action and the elements of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984), are the same for the purposes of collateral estoppel. *Kramer*, 296 Ill. App. 3d at 823-24, 695 N.E.2d at 1291. Thus, before a plaintiff's conviction is overturned, the plaintiff is collaterally estopped from arguing his innocence, leaving him with no cause of action.

The highest courts of other states have adopted rules similar to the one in *Johnson*. In *Shaw v. Alaska*, 816 P.2d 1358, 1360 (Alaska 1991), the Supreme Court of Alaska held obtaining postconviction relief is an element of legal malpractice in criminal cases, and the statute of limitations is tolled until such relief is granted. One reason for the holding was the requirement of postconviction relief promotes judicial economy because many of the issues litigated in the pursuit of

postconviction relief would be duplicated in the later legal malpractice action. *Shaw*, 816 P.2d at 1361. Moreover, the requirement established a bright-line test in determining when the statute began to run. The court found it desirable to allow a criminal defendant with a valid postconviction claim to pursue that without the distraction of filing a legal malpractice claim. *Shaw*, 816 P.2d at 1361.

The Supreme Court of Oregon in *Stevens v. Bispham*, 316 Or. 221, 238, 851 P.2d 556, 566 (1993), held in order for a person to bring a legal malpractice claim against his criminal defense attorney, the person must, in addition to alleging duty, its breach, and causation, allege "harm," meaning the person has been exonerated of the criminal offense through reversal on direct appeal, postconviction relief, or otherwise. One reason for the holding was the inappropriateness of treating a convicted offender as having been "harmed" in a legally cognizable way by the conviction while it is still valid. *Stevens*, 316 Or. at 232, 851 P.2d at 562. The court also relied on the extensive statutory provisions for the protection of convicted offenders. *Stevens*, 316 Or. at 229-31, 851 P.2d at 561-62. This scheme demonstrates the public policy to treat any person convicted of a criminal offense as validly convicted until the person's conviction has been overturned. *Stevens*, 316 Or. at 230, 851 P.2d at 561.

In *Britt v. Legal Aid Society, Inc.*, 95 N.Y.2d 443, 445, 741 N.E.2d 109, 110 (2000), the New York Court of Appeals held that the plaintiff's cause of action for legal malpractice against his criminal defense counsel could not have accrued until the criminal proceedings against the plaintiff were terminated. Like Illinois law, New York law requires the plaintiff in a legal malpractice claim to assert his innocence before he can pursue a claim against his criminal defense attorney for legal malpractice. *Britt*, 95 N.Y.2d at 445, 741 N.E.2d at 110. Because a plaintiff must assert his innocence in a legal malpractice action against defense counsel, no cause of action will lie so long as the determination of his guilt of the underlying offense remains undisturbed. *Britt*, 95 N.Y.2d at 446, 741 N.E.2d at 111. A cause of action cannot accrue until all the elements of the tort can be truthfully alleged in a complaint. *Britt*, 95 N.Y.2d at 447, 741 N.E.2d at 112.

Accordingly, we hold that a legal malpractice cause of action does not accrue until the plaintiff's conviction is overturned.

Defendants argue if the cause of action does not accrue until the plaintiff's conviction is overturned, then this court has effectively held imprisonment is a disability tolling the statute of limitations. The legislature, with the 1991 amendment, removed such a disability (Pub. Act 86—1329, § 4, eff. January 1, 1991 (1990 Ill. Laws 2591, 2594)). However, former section 13—211 of the Code (Ill. Rev. Stat. 1981, ch.

110, par. 13—211) tolled the statute of limitations for an action specified in sections 13—201 through 13—212 of the Code (Ill. Rev. Stat. 1981, ch. 110, pars. 13—201 through 13—212), that accrued while a person was imprisoned on a criminal charge. Thus, a holding that plaintiff's cause of action did not accrue until his conviction was vacated would, in effect, only toll the statute of limitations for legal malpractice claims against criminal defense attorneys, not all claims provided by sections 13—201 through 13—212 of the Code.

Here, the parties do not agree as to the date when plaintiff's conviction was overturned. Plaintiff argues his conviction was overturned on September 27, 1996, *i.e.*, the date of the Seventh Circuit's final mandate. Defendants argue May 4, 1995, the date the conviction was overturned by the district court, would be the appropriate date. We agree with plaintiff.

•4 As demonstrated by the facts in this case, a reviewing court's judgment overturning a plaintiff's conviction may be reversed by another court. Here, the Fifth District's judgment overturning plaintiff's conviction was stayed pending appeal, and the Supreme Court of Illinois reversed the Fifth District and affirmed plaintiff's conviction. See *Griffin II*, 124 Ill. App. 3d 169, 463 N.E.2d 1063, *rev'd*, 109 Ill. 2d 293, 487 N.E.2d 594. Because of "[t]he policy reasons underlying the unique nature of legal malpractice claims arising out of criminal proceedings" (*Britt*, 95 N.Y.2d at 445, 741 N.E.2d at 110), a cause of action accrues when the reviewing court gives a final mandate that is not stayed pending an appeal to another court. Because plaintiff's legal malpractice action accrued on September 27, 1996, section 13—214.3 of the Code (735 ILCS 5/13—214.3 (West 1996)) is the applicable statute of limitations.

•5 Section 13—214.3(b) of the Code (735 ILCS 5/13—214.3(b) (West 1996)) provides a legal malpractice action "must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." A plaintiff is injured for the purposes of legal malpractice when he has suffered a loss for which he may seek damages. *Brite Lights, Inc. v. Gooch*, 305 Ill. App. 3d 322, 325, 713 N.E.2d 155, 157 (1999). Damages are speculative when uncertainty exists as to the fact of the damages. *Brite Lights*, 305 Ill. App. 3d at 325, 713 N.E.2d at 158. Because plaintiff's damages were speculative until September 27, 1996, the date of the Seventh Circuit's final mandate, the two-year statute of limitations did not begin to run until September 27, 1996, and thus plaintiff's June 28, 1998, complaint was within the statute of limitations. Accordingly, we answer the first question in the negative.

## B. Statute of Repose

●6 The statute of repose applies to all causes of action accruing on or after the effective date of Public Act 86—1371, January 1, 1991. Because we find plaintiff's cause of action accrued on the date the Seventh Circuit issued its final mandate, September 27, 1996, the statute of repose applies to plaintiff's case. Under the statute of repose, a legal malpractice action "may not be commenced in any event more than 6 years after the date on which the act or omission occurred." 735 ILCS 5/13—214.3(c) (West 1996). Thus, applying the statute of repose of section 13—214.3(c), plaintiff's claim was time-barred in June 1987, prior to that section's effective date.

Where causes of action are instantaneously barred by the statute of repose, courts have given plaintiffs a "reasonable period" after the effective date of the act creating the statute of repose to file a cause of action. *Goodman v. Harbor Market, Ltd.*, 278 Ill. App. 3d 684, 694, 663 N.E.2d 13, 20 (1995). The reasonable period of time in which a plaintiff may bring suit for injuries sustained before the effective date of a statute of repose *can never*, however, *be more than* the statute-of-repose period itself. *Goodman*, 278 Ill. App. 3d at 694, 663 N.E.2d at 21. Contrary to plaintiff's assertions, the reasonable period is computed from the *effective date* of the statute, not the accrual date of the cause of action. *Goodman*, 278 Ill. App. 3d at 694, 663 N.E.2d at 21. Unlike with statutes of limitations, most courts apply the statute-of-repose period as the reasonable period for filing after the statute-of-repose provision became effective. See *Goodman*, 278 Ill. App. 3d at 695, 663 N.E.2d at 21 (applying the six-year statute-of-repose period as the reasonable period after the effective date of the statute of repose in which to file a legal malpractice claim). Under the "reasonable period," plaintiff had three months from the date his cause of action accrued, September 27, 1996, before his claim was time-barred on January 1, 1997. Thus, the statute of repose time-bars plaintiff's suit of June 29, 1998, and we must answer the second question in the affirmative.

## C. Constitutionality of the Statute of Repose

●7 All legislative enactments enjoy a heavy presumption of constitutionality. *In re Marriage of Lappe*, 176 Ill. 2d 414, 422, 680 N.E.2d 380, 384 (1997). The party challenging a statute bears the burden of clearly establishing that it is unconstitutional. Courts have a duty to sustain legislation whenever possible and resolve all doubts in favor of constitutional validity. *Lappe*, 176 Ill. 2d at 422, 680 N.E.2d at 384-85. The certified question asks whether the statute of repose as applied in this case violates plaintiff's due process and equal protection rights.

## 1. *Equal Protection*

●8 The constitutional right to equal protection of the law guarantees that the State must treat similarly situated persons in a similar manner. *People v. Kimbrough*, 163 Ill. 2d 231, 237, 644 N.E.2d 1137, 1141 (1994). The guarantee of the equal protection clause prohibits the state from statutorily dividing persons into different classes and providing for different treatment of each class for reasons wholly unrelated to the purpose of the legislation. Where a statutory classification neither impinges on a fundamental constitutional right nor is based on a "suspect" class, a court will use the "rational basis" test to review the statute's validity. Under the rational basis test, the statutory classification is constitutional if it bears a rational basis to a legitimate state interest. *Kimbrough*, 163 Ill. 2d at 237, 644 N.E.2d at 1141.

●9 Plaintiff argues the statute of repose deprives those in prison for more than six years of a cause of action, while allowing those in prison less than six years the right to bring a claim. He contends the policy reasons behind permitting stale claims are inapplicable in criminal defense legal malpractice actions. According to plaintiff, better files and evidence are maintained in criminal cases than civil cases. Such a claim is without merit. Plaintiff cites no statute requiring State's Attorneys and criminal defense counsel to preserve evidence or maintain files indefinitely. Discovery of evidence would still be difficult over a lengthy period of time in a criminal defense malpractice claim.

Additionally, plaintiff contends this court should be cautious in finding the statute of repose constitutional in this case because the "injury" occurred within the legal system itself. This court has declared statutes of limitations are *not meant to shield the wrongdoer*; rather, they provide an opportunity to investigate factors upon which liability is based while the evidence is still discoverable. *Milnes v. Hunt*, 311 Ill. App. 3d 977, 981, 725 N.E.2d 779, 782 (2000). The same is true for statutes of repose.

Clearly, the rationale behind statutes of repose is to prevent stale claims. The legislature determined legal malpractice claims are stale after six years. Thus, the classification between those imprisoned for less than six years and those imprisoned more than six years is rationally related to a legitimate state interest.

## 2. *Due Process*

●10 As with an equal protection challenge, a court will uphold legislation attacked on due process grounds if that legislation bears a rational relationship to a legitimate state goal. *In re K.C.*, 186 Ill. 2d 542, 551, 714 N.E.2d 491, 496 (1999). Plaintiff argues he was denied

due process of law because his claim was barred before the statute of limitations began to run. Defendants argue the statute of repose is constitutional as applied to plaintiff. In support of their argument, defendants cite *Serafin v. Seith*, 284 Ill. App. 3d 577, 579, 672 N.E.2d 302, 305 (1996), a legal malpractice case on representation in a civil matter.

In *Serafin*, 284 Ill. App. 3d at 587, 672 N.E.2d at 310, the plaintiff argued that the legal malpractice statute of repose was unconstitutional because it was retroactive in its effect and would bar a cause of action before it had ripened. The First District held the statute was constitutional, finding the six-year statute of repose was reasonably related to the statute's purpose, *i.e.*, to impose a cap on the applicability of the discovery rule in order for the outer limit to terminate the possibility of liability after a definite period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action. *Serafin*, 284 Ill. App. 3d at 588, 672 N.E.2d at 310-11. The fact that a repose provision may bar an action before it is discovered is an accidental rather than necessary consequence. *Serafin*, 284 Ill. App. 3d at 588, 672 N.E.2d at 310.

Defendants also cite *Anderson v. Wagner*, 79 Ill. 2d 295, 305-09, 402 N.E.2d 560, 564-67 (1979), a medical malpractice case in which the Supreme Court of Illinois explained the need for a statute of repose. The court recognized the increased use of the "discovery rule" in medical malpractice cases, leading to statutes of limitations that no longer constituted statutes of repose for the defendant. *Anderson*, 79 Ill. 2d at 305, 402 N.E.2d at 564. Under the discovery rule, a malpractice claim did not expire at the end of the statutory period (*Anderson*, 79 Ill. 2d at 305, 402 N.E.2d at 564), thus creating a limitations period without a limit (*Goodman*, 278 Ill. App. 3d at 691, 663 N.E.2d at 19). In response, the legislature amended the statute of limitations and added a statute of repose. *Anderson*, 79 Ill. 2d at 302, 402 N.E.2d at 563. The effect of the statute of repose was to preclude certain causes of action before they were discovered. *Goodman*, 278 Ill. App. 3d at 691, 663 N.E.2d at 19. While such a result seems harsh and unfair, the statute of repose does not violate due process. *Anderson*, 79 Ill. 2d at 312, 402 N.E.2d at 568.

●11 Plaintiff argues none of the cases cited by defendants bar a cause of action before the action accrued or existed. However, in explaining the difference between a statute of repose and a statute of limitations, the First District stated:

" 'A statute of repose *** limits the time within which an action may be brought and is *not related to the accrual* of any cause of action. The *injury need not have occurred*, much less have been discovered.' " (Emphasis added.) *Goodman*, 278 Ill. App. 3d at 691,

663 N.E.2d at 18, quoting *Bradway v. American National Red Cross*, 992 F.2d 298, 301 (11th Cir. 1993).

Further, plaintiff attempts to distinguish the cases cited by defendants by arguing the present case does not involve the discovery rule. While plaintiff's case is different because of the doctrine of collateral estoppel, the same principles behind the statute of repose apply. The need still exists for a time limit on the period in which one can sue because proof becomes difficult with the passage of time. See *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 425, 490 N.E.2d 665, 670 (1986) (statutes of limitations bar causes of actions brought after a period of time the legislature has determined makes the problems of proof so difficult as to pose a threat of injustice). As with equal protection, the statute of repose is rationally related to a legitimate state interest.

## III. CONCLUSION

Accordingly, we answer the second question in the affirmative and the first and third questions in the negative.

Questions answered.

MYERSCOUGH, J., concurs.

JUSTICE COOK, specially concurring:

The statute of repose (735 ILCS 5/13—214.3(c) (West 1996)) applies to this case because no cause of action had accrued before the statute's effective date, January 1, 1991. Under the statute of repose, a legal malpractice action may not be commenced more than six years after "the act or omission occurred." A cause of action may be barred under the statute of repose even before the cause of action has accrued. *Meyers v. Underwood*, 316 Ill. App. 3d 970, 986, 738 N.E.2d 118, 129-30 (2000). The alleged act or omission here occurred at the trial, which was in the 1980s. Plaintiff had a full six years to comply with the statute of repose after it was enacted January 1, 1991, but did not file suit until June 29, 1998. This action is barred by the statute of repose. Statutes of repose are constitutional. *Serafin*, 284 Ill. App. 3d at 587, 672 N.E.2d at 310.