THE TOMLEN GROUP, LTD., Plaintiff-Appellant, *v.* STEVEN GOLDFARB *et al.*, Defendants-Appellees.

Second District    No. 81-176

Opinion filed October 22, 1981.

John K. Silk and John M. Cregor, both of Defrees and Fiske, of Chicago, for appellant.

Arnstein, Gluck & Lehr, of Chicago, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The Tomlen Group, Ltd. (Tomlen), filed suit on July 31, 1979, to foreclose a mechanics' lien. Steven Goldfarb and Frances Goldfarb *et al.* (Goldfarb) filed a motion to dismiss under section 48(1)(e) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(e)), alleging the two-year limitations period as a defense (Ill. Rev. Stat. 1979, ch. 82, par. 9). The trial court dismissed the complaint on November 14, 1980. On December 12, 1980, Tomlen filed a motion to reconsider and to vacate the judgment, which was denied on February 10, 1981. Tomlen appeals from both orders, contending that its action was filed within two years from its completion of the work under the contract.

■■ The statute provides, as pertinent:

"Such suit shall be commenced * * * within two years after the completion of the contract, * * *." (Ill. Rev. Stat. 1979, ch. 82, par. 9.)

The test for "completion" is whether the work done thereafter is "trivial and inconsequential" or "essential to the completion of the contract." *Miller Brothers Industrial Sheet Metal Corp. v. La Salle National Bank* (1969), 119 Ill. App. 2d 23, 29.

"The purpose of this section is primarily that of affording a means of obtaining at the outset of a case a summary disposition of issues of law or of easily proved issues of fact, with a reservation of jury trial as to disputed questions of fact * * *." (Ill. Ann. Stat., ch. 110, par. 48, Historical and Practice Notes, at 354 (Smith-Hurd 1968).) "The affidavits supporting the motion to dismiss must allege or establish facts which will authorize the court to find that the motion is well founded in fact." (*Chapman v. Huttenlocher* (1970), 125 Ill. App. 2d 39, 46. See also *Denton Enterprises, Inc. v. State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 505.) Since the issues which can be raised under section 48 are in the nature of affirmative defenses, it follows that, if proved, they avoid the effect of plaintiff's allegations. *Cf. Millsaps v. Bankers Life Co.* (1976), 35 Ill. App. 3d 735, 742.

In the posture of this case based on the pleadings, we must first consider what was properly before the trial court when it dismissed the complaint pursuant to section 48 of the Civil Practice Act. As material here, the complaint alleges that on or about July 10, 1976, Tomlen contracted with Goldfarb to construct a house at a price of $121,684.67; that it completed the furnishing of all the material, fixtures, services, and labor required by the contract on or about August 8, 1977, and on that date the contract was substantially completed; that Goldfarb took possession of the premises on July 8, 1977, prior to substantial completion; that on August 8, 1977, certain items of a "punch list" nature were noted by Goldfarb, and Tomlen thereafter furnished labor and material to complete the items contained in the list; and that Goldfarb has not made final payment as required by the contract.

In its motion to dismiss Goldfarb alleges that another proceeding was pending in the court below between the same parties, a breach of contract action (cause No. 78 L 643) which Goldfarb had instituted against Tomlen; that Tomlen filed a motion to dismiss the breach of contract action and a memorandum in support of its motion to dismiss; that in its memorandum Tomlen stated that "[t]he home was substantially completed in July of 1977 and [Goldfarb] took occupancy on July 11, 1977"; and that, since the complaint in the mechanics' lien foreclosure action was

filed on July 31, 1979, the present suit was not commenced within two years after the completion of the contract.

In its order of November 14, 1980, dismissing the foreclosure suit for failure to comply with the applicable statute of limitations, the trial court stated that it had examined "the pleadings in the case at bar and another case between the same parties heretofore filed in this Court as Cause No. 78 L 643" and noted that Tomlen admitted in the breach of contract action that the home was substantially completed in July of 1977 and that Goldfarb took occupancy on July 11, 1977.

■■ Based upon the pleadings then before the court, we conclude that the trial court did not err in dismissing the complaint by its order of November 14, 1980. The trial judge properly determined from the pleadings that the house was substantially completed before Goldfarb moved in on July 11, 1977. It had before it Tomlen's judicial admission in a prior case that performance of the contract was substantially completed in July of 1977; and it could therefore refuse to accept as true Tomlen's allegation in the complaint filed in this cause that the date of substantial completion was August 8, 1977, less than two years prior to the filing of the mechanics' lien foreclosure complaint on July 31, 1979.

Tomlen contends, however, that the matters before the court on the motion to vacate and reconsider compel a different conclusion. It argues that correspondence between the parties, which it has attached to the appellant's brief as exhibits, shows that it furnished substantial labor and material subsequent to July 31, 1977, and that an affidavit attached to its motion to vacate and reconsider corroborates this.

■■ ■ Attachments to briefs not otherwise of record are not properly before the reviewing court and cannot be used to supplement the record. (*Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 415; *Silny v. Lorens* (1979), 73 Ill. App. 3d 638, 642-43.) Further, the exhibits were not of record since they were not incorporated by reference in the trial court's order. (Compare *In re Application of County Collector* (1974), 23 Ill. App. 3d 923, 928-29.) Any doubts arising from the incompleteness of a record will be resolved against the appellant. (*Reed v. Hoffman* (1977), 48 Ill. App. 3d 815, 819; *cf. Gore v. National Association of Certified Public Accountants* (1923), 231 Ill. App. 38, 44.) The exhibits were therefore *dehors* the record on appeal.

■■ Unlike the exhibits, the affidavit was clearly brought to the attention of the trial court, but only after the hearing on Goldfarb's motion to dismiss. Tomlen had ample opportunity, one full year, to respond to Goldfarb's motion to dismiss, yet chose not to file anything. Tomlen undertakes to excuse its failure by arguing that it filed the affidavit only to clarify pleadings already of record; but the information set forth in the

affidavit offered nothing that Tomlen could not have introduced at the hearing on defendants' motion to dismiss. Moreover, the court did not specifically refer to the affidavit in its later order denying Tomlen's motion to vacate. We conclude that the trial court did not consider the merits of the affidavit because it was not filed in response to the motion to dismiss. Whether to consider affidavits filed after hearing on the section 48 motion is discretionary with the trial court. (*Bowen v. Bowen* (1914), 265 Ill. 638, 640. *Freeman v. Augustine's, Inc.* (1977), 46 Ill. App. 3d 230, 236.) This is based on the reasoning that "[i]t is not intended cases should be heard piecemeal under this procedure." (*Gliwa v. Washington Polish Loan & Building Association* (1941), 310 Ill. App. 465, 478.) We conclude that the trial court did not abuse its discretion under the circumstances in refusing to vacate the prior order of dismissal.

The judgment is therefore affirmed.

Affirmed.

REINHARD and HOPF, JJ., concur.