VINCENT J. SCHREIBER, Plaintiff-Appellant, v. ROBERT E. HACKETT, Defendant-Appellee.

First District (2nd Division)   No. 87—0158

Opinion filed July 12, 1988.—Rehearing denied August 5, 1988.

James A. Hagstrom, of Chicago, for appellant.

Jeffrey T. Saltz, of Morrison, Kamins & Saltz, P.C., of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff appeals from an order granting defendant's motion to dismiss plaintiff's complaint on the ground that the action is barred by the statute of limitations. Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(5).

Both parties are commodities traders. On September 22, 1980, plaintiff loaned defendant $2,500 in consideration of defendant's *oral* promise to repay the loan on demand. Plaintiff made a demand for repayment on October 10, 1985, and again on November 13, 1985. On each occasion, defendant refused to repay the $2,500.

On February 27, 1986, plaintiff filed this action to recover the loan. The parties agree that the applicable statute of limitations is five years. (Ill. Rev. Stat. 1985, ch. 110, par. 13—205.) Defendant's section 2—619 motion to dismiss alleged that the statute of limitations began to run on September 22, 1980, which is the date on which the loan was made. Plaintiff contends that the statute of limitations started to run on October 10, 1985, when plaintiff demanded repayment. The trial court agreed with the defendant. Since the complaint was filed on February 27, 1986, plaintiff's action is barred by the five-year statute of limitations. On August 1, 1986, the trial court granted defendant's motion and dismissed the complaint. On August 29, 1986, plaintiff filed a motion to reconsider. On October 15, 1986, without leave of court, plaintiff filed an affidavit in response to the motion to dismiss. After a hearing, the trial court struck the affidavit and denied plaintiff's motion to reconsider. Plaintiff appeals.

In considering the allegations in plaintiff's complaint, all well-pleaded facts must be taken as true, as well as all reasonable inferences which may be drawn therefrom. (*Wait v. First Midwest Bank* (1986), 142 Ill. App. 3d 703, 705, 491 N.E.2d 795, *appeal denied* (1986), 112 Ill. 2d 597.) Moreover, allegations of the complaint are to

be interpreted in the light most favorable to the plaintiff. 142 Ill. App. 3d at 705.

■ ■ While we are aware of the fine line which distinguishes conclusions of law and ultimate facts, we must construe the pleadings liberally with a view of doing substantial justice between the parties. (Ill. Rev. Stat. 1985, ch. 110, par. 2—603(c); see *Ingram v. Little Co. of Mary Hospital* (1982), 108 Ill. App. 3d 456, 438 N.E.2d 1194, *appeal denied* (1982), 92 Ill. 2d 568.) Thus, the allegations that the loan was payable "on demand" should not be viewed, at this stage of the proceedings, as a narrow term of art, capable of only one narrow definition.

At oral argument, counsel for defendant acknowledged that if plaintiff sued within a week after the oral loan was made without alleging a demand for payment, the complaint would be subject to a motion to dismiss for failing to state a cause of action. A liberal construction of the complaint would not permit an interpretation of "on demand" to mean that repayment is due simultaneously with the loan. A more reasonable interpretation would be that the parties contemplated an overt act by the plaintiff, such as a demand for repayment, before defendant would be required to pay.

Generally, the statute of limitations begins to run from, and not until, the time that the cause of action or right of action accrues, *i.e.*, when facts exist which authorize the bringing of an action. (*Kozasa v. Guardian Electric Manufacturing Co.* (1981), 99 Ill. App. 3d 669, 673, 425 N.E.2d 1137, *appeal denied* (1981), 85 Ill. 2d 577.) In the case at bar, the cause of action accrued on October 10, 1985, when plaintiff demanded and defendant refused repayment.

■ Where one promises to render performance "on demand" or at a specified time after demand, the reasonable interpretation is that an actual demand for performance is an express condition precedent to the duty of performance. Thus, an action does not lie unless demand has been made and the statute of limitations begins to run from the date of demand. (3A A. Corbin, Contracts §643 (1960).) We further conclude that a promisor is not regarded as being guilty of a breach prior to demand, which is shown by the fact that interest is awarded as part of the damages only from the date the demand for payment was made. See Restatement of Contracts §264 (1932).

■ The oral contract at issue was entered into on September 22, 1980, and was payable "on demand." It is evident from the terms of the contract that a cause of action did not accrue until the demand for payment was made on October 10, 1985. We therefore hold that plaintiff's complaint, which was filed on February 27, 1986, approxi-

132

mately four months after demand was made, was not time barred by the statute of limitations and was, in fact, timely filed.

■■ Plaintiff also contends that the trial court erred in striking his affidavit because it was filed without leave of court. Whether to consider affidavits filed after a hearing on a motion to dismiss is within the discretion of the trial court. The court's ruling will not be reversed absent an abuse of that discretion. (*Tomlen Group, Ltd. v. Goldfarb* (1981), 101 Ill. App. 3d 154, 158, 427 N.E.2d 1047.) We do not consider the striking of plaintiff's affidavit an abuse of that discretion.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and this cause is remanded.

Reversed and remanded.

HARTMAN, P.J., and SCARIANO, J., concur.