28 February 2000

NO. 4-99-0663

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

RONALD MILNES, d/b/a MILNES PLUMBING, ) Appeal from

HEATING and AIR CONDITIONING, ) Circuit Court of

Plaintiff-Appellee, ) Morgan County

v. ) No. 99SC123

IRVING HUNT, )

Defendant-Appellant. ) Honorable 

) Tim P. Olson,

) Judge Presiding.

 

JUSTICE GARMAN delivered the opinion of the court:

In 1993, plaintiff, Ronald Milnes, performed plumbing work for defendant, Irving Hunt, pursuant to an oral contract.  In January 1999, plaintiff billed defendant for that work.  In February 1999, plaintiff filed a small claims complaint for the amount that defendant owed him for the plumbing work.  Each party submitted a memorandum of law in support of his case, focusing largely on whether the five-year statute of limitations in sec

tion 13-205 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/13-205 (West 1998)) barred plaintiff's action.

In its July 1999 memorandum of decision, the trial court found "[t]he cause of action accrue[d] after a breach *** occurred.  No breach occurred until a bill (demand) was presented and a refusal to pay."  The trial court also found that plaintiff did not make a demand until January 1999, and plaintiff could not have filed suit the day immediately after completion of the plumbing because the contract was a "time and materials" con

tract.  The trial court then granted judgment for plaintiff and against defendant in the sum of $3,272.41 plus costs.  Defendant appeals.  We vacate and dismiss with prejudice.

Defendant argues that the trial court erred when it construed the five-year statute of limitations in section 13-205 of the Code as beginning to run when plaintiff presented the bill for services to him.  Thus, according to defendant, the trial court erred in granting judgment for plaintiff.   

Before addressing this issue, we address plaintiff's argument that defendant failed to bear his burden and present a sufficiently complete record for this court to review the trial court's decision.  When a record is incomplete, this court must presume that the trial court's judgment conformed to the law and had a factual basis.  
Foutch v. O'Bryant
, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984).  Similarly, any doubt arising from the incompleteness of the record must be resolved against appel

lant.  
Foutch
, 99 Ill. 2d at 392, 459 N.E.2d at 959.  

Plaintiff contends that the record is deficient because it contains neither a bystander's report as authorized by Illinois Supreme Court Rule 323(c) (166 Ill. 2d R. 323(c)), an agreed statement of facts as authorized by Rule 323(d) (166 Ill. 2d R. 323(d)), nor a transcript of the trial.  As a result, plaintiff argues, the express and implied terms of the contract, the par

ties' course of dealing, the parties' expectations, and other evidence is not available for this court to consider.

While the record does not contain a bystander's report, an agreed statement of facts, or a transcript of the trial, it does contain the trial court's memorandum of decision.  The trial court, having access to evidence, made the following findings of fact: (1) plaintiff performed plumbing work for defendant in a reasonable, workmanlike manner; (2) plaintiff inadvertently failed to bill defendant and thus did not demand payment from defendant until January 1999; (3) it was probably more true than not that the work was completed more than five years before the filing of the suit; (4) having never complained of the work or inquired about plaintiff's failure to bill, defendant now relies on a statute of limitations defense; (5) the cause of action did not accrue until plaintiff presented a bill and demanded payment; (6) the contract was a time and materials contract, and plaintiff could not have filed suit the day after completion; (7) the cause of action accrued after the breach occurred, which occurred when plaintiff demanded payment and defendant refused; (8) plaintiff performed work, and defendant received a benefit and refused to pay; and (9) other defenses as raised by defendant were not based on the credibility of the evidence.  Accordingly, we will assume that the trial court's judgment had a factual basis and will resolve any further disputes arising from an incomplete record in plaintiff's favor.  
Foutch
, 99 Ill. 2d at 391-92, 459 N.E.2d at 959.

Even with this deference to the trial court's findings of fact, this case requires that we interpret section 13-205 of the Code and, when interpreting a statute, we apply a 
de
 
novo
 standard of review.  
People v. Robinson
, 172 Ill. 2d 452, 457, 667 N.E.2d 1305, 1307 (1996).  

The issue in this case is whether the statute of limi

tations began to run when plaintiff rendered services or when plaintiff demanded payment.  Generally, Illinois courts have held that the statute of limitations begins to run when the party to be barred has the right to invoke the aid of the court to enforce his remedy.  
Rohter v. Passarella
, 246 Ill. App. 3d 860, 869, 617 N.E.2d 46, 52 (1993).  It is well settled in Illinois that the statute of limitations begins to run when a creditor may "legally demand payment" because this is when a cause of action actually accrues.  
Mazur v. Stein
, 314 Ill. App. 529, 534, 41 N.E.2d 979, 982 (1942); see also 
Brehm v. Sargent & Lundy
, 66 Ill. App. 3d 472, 474, 384 N.E.2d 55, 56 (1978) (plaintiff's attempt to file for pension was time barred because the statute of limitations began to run when plaintiff first had the power to make the de

mand).

According to the trial court, plaintiff completed the work for defendant in the summer of 1993, more than five years before filing suit.  Plaintiff could have demanded payment almost immediately after completing the plumbing work.   At least plain

tiff could have demanded payment after completing the plumbing work and determining the amount of time and material spent on the job, and this certainly would not take five years. 

Plaintiff relies on 
Schreiber v. Hackett
, 173 Ill. App. 3d 129, 131, 527 N.E.2d 412, 413 (1988), for the proposition that the statute of limitations begins to run when facts exist autho

rizing plaintiff to bring an action.  Because an action for breach of contract cannot be maintained until a breach occurs (
Berg & Associates, Inc. v. Nelsen Steel & Wire Co.
, 221 Ill. App. 3d 526, 534, 580 N.E.2d 1198, 1203 (1991)), plaintiff argues he could not have brought an action until defendant refused to pay.

We decline to follow this reasoning.  Although 
Schreiber
 involved an oral contract, it also involved an oral promise to pay "on demand."  Furthermore, in 
Schreiber
, the plaintiff made a demand and filed suit more than five years after the loan transaction.  
Schreiber
, 173 Ill. App. 3d at 130, 527 N.E.2d at 412.  In that case, the court found the promise to pay on demand meant that actual demand for performance was an express condition precedent to the duty to perform.  
Schreiber
, 173 Ill. App. 3d at 131, 527 N.E.2d at 413, citing 3A A. Corbin, Corbin on Contracts §643 (1960).  In the case at bar, no evidence shows that the oral contract contained an "on demand" clause, thus making demand for payment a condition precedent.

Furthermore, this court declines to apply the 
Schreiber
 decision as plaintiff suggests, 
i.e.
, "liberally to any oral contract in which a reasonable interpretation of the terms of the contract indicate that an actual demand for performance is a condition precedent to the duty of performance."  Doing so ren

ders the statute of limitations ineffective and is contrary to policy considerations.  Statutes of limitations are designed to prevent recovery on stale demands.  Such statutes were not meant to shield a wrongdoer; rather, they provide an opportunity to investigate factors upon which liability is based while the evi

dence is still discoverable.  
Brehm
, 66 Ill. App. 3d at 475, 384 N.E.2d at 56-57.  Allowing plaintiff's action also allows future creditors who "inadvertently" fail to bill their clients to send such bills for services rendered 10 or 20 years after the services are completed.  We therefore decline to affirm the trial court's judgment because we find it undermines the purpose of a statute of limitations.

Statutes of limitations require diligence in initiating actions.  Plaintiff is only able to claim inadvertence in his failure to bill defendant.  He was able to legally demand payment after completing the work, and the statute of limitations began to run at that time, or more than five years before plaintiff filed suit.

For these reasons, we vacate the trial court's judgment and dismiss plaintiff's action with prejudice.

Vacated; cause dismissed with prejudice.

STEIGMANN and McCULLOUGH, JJ., concur.