2025 IL App (1st) 250196-U

SIXTH DIVISION

December 31, 2025

No. 1-25-0196

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ARNETTA N. MACK, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 18D650287 |
| KAMERON HUCKLEBY, | ) | |
| Respondent-Appellant. | ) | Honorable |
| | ) | Naomi H. Schuster, |
| | ) | Judge, presiding. |
| | ) | |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justice Hyman and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1   *Held:* We affirm the judgment of the circuit court where the court did not abuse its discretion when it granted petitioner-appellee's motion to strike respondent-appellant's motion to vacate and dismiss case for child support.

¶ 2   This appeal arises from a child support proceeding involving respondent Kameron

Huckleby. After acknowledging paternity in 2018, Huckleby became subject to court-ordered child

support, which has been modified and litigated over the years as the case moved between divisions of the circuit court. In late 2023 and 2024, Huckleby, proceeding *pro se*, filed multiple motions seeking parenting time and the dismissal of his child support obligation. Huckleby asserts that child support is unconstitutional and violates the separation of powers under the Illinois and United States Constitutions. The circuit court denied those requests and granted the Illinois Department of Health and Family Services' ("HFS") motion to strike Huckleby's motion to vacate and dismiss his child support case.

¶ 3     On appeal, Huckleby challenges the court's rulings, raising constitutional arguments and relying on out of state authority. For the following reasons, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5     On May 21, 2018, the Illinois Department of Healthcare and Family Services ("HFS") filed a petition to establish the existence of a parent-child relationship, asserting that appellant, Kameron Huckleby, is the father of K.H.   Huckleby entered his appearance on June 4, 2018, and contemporaneously filed a motion seeking joint custody of K.H. On June 22, 2018, the parties entered an agreed order of parentage, where Huckleby acknowledged paternity of K.H. and consented to the entry of a temporary Uniform Order of Support requiring him to pay child support in the amount of $350.00 per month.

¶ 6     The circuit court entered a permanent Uniform Order of Support on September 11, 2018. The court directed Huckleby to pay monthly child support in the amount of $400, along with an additional $10 per month toward satisfaction of a $400 retroactive support judgment. On October 25, 2019, Huckleby filed a motion seeking a reduction in his child support obligation. The matter came before the court on December 10, 2019, at which time Huckleby appeared and was heard. Following the hearing, the court denied the requested relief.

¶ 7 The matter was transferred from the Sixth Municipal District to the Domestic Relations Division on May 26, 2023. Subsequently, on October 20, 2023, the court entered an order abating Huckleby's child support obligation for the period spanning October 16, 2020, through November 22, 2022, because Huckleby was incarcerated during that time.

¶ 8 On December 18, 2023, Huckleby filed two motions requesting parenting time— one seeking the establishment of parenting time and the other requesting a "dismissal of child support," asserting that the child support framework is unconstitutional and violates the separation of powers under both the Illinois and United States Constitutions. On January 19, 2024, the court entered an order denying both requests.

¶ 9 On April 26, 2024, the court entered an order determining Huckleby made child support payments during the previously noted period of incarceration and, on that basis, directed the October 20, 2023, order abating child support be vacated.

¶ 10 HFS filed a petition to modify child support on May 22, 2014, but the petition was withdrawn on June 7, 2024, following Huckleby's failure to appear before the court. The matter was subsequently transferred on July 2, 2024. On August 2, 2024, Huckleby filed the motion that is the subject of the present appeal, in which he asked the circuit court to vacate and dismiss" his child support case and to award additional relief concerning child support previously paid. On January 7, 2025, the court granted HFS' motion to strike Huckleby's motion to vacate and dismiss. This appeal followed.

¶ 11 II. JURISDICTION

¶ 12 The circuit court granted HFS' motion to strike Huckleby's Motion to Vacate and Dismiss Case on January 7, 2025. Huckleby filed a notice of appeal on February 4, 2025. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 13                                        III. ANALYSIS

¶ 14    Before addressing the substance of this appeal, we note that Huckleby's *pro se* brief fails to comply with our supreme court rules in multiple ways. First, the brief lacks an adequate statement of facts. Supreme Court Rule 341(h)(6) requires the appellant to provide "facts necessary to an understanding of the case." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Here, Huckleby's brief does not set forth the facts necessary to permit meaningful review.

¶ 15    Additionally, Huckleby failed to include a proper table of contents, a complete record on appeal, and a certified copy of the report of proceedings as required by Illinois Supreme Court Rules 321 and 324. *Id*. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); Ill. S. Ct. R. 324 (eff. July 1, 2017). Where a verbatim transcript is unavailable, an appellant may submit an appropriate substitute, such as a bystander's report or an agreed statement of facts, pursuant to Rule 323. See Ill. S. Ct. R. 323 (eff. July 1, 2017). As the appellant, Huckleby had the burden of providing a sufficiently complete record on appeal to enable this court to review his contentions of error. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Absent such a record, we must presume the circuit court's actions were consistent with the law and supported by an adequate factual basis. *Id*. at 392. Any doubts resulting from an incomplete record are resolved against the appellant. *Id*.

¶ 16    Supreme court rules are not mere recommendations; they are rules that must be followed. *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57. It is a well-established principle that a litigant proceeding *pro se* must adhere to the same procedural rules as one represented by counsel. *In re Marriage of Winters*, 160 Ill. App. 3d 277, 281 (1987).

¶ 17    This court possesses the inherent authority to dismiss an appeal when an appellant's brief does not comply with supreme court rules. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). But

we recognize that striking a brief for noncompliance constitutes a harsh sanction. *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005). Given this appeal involves parental rights and the allocation of parental responsibilities, we decline to find forfeiture and will address the matter. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 13080, ¶ 10 (reviewing the merits despite substantial violations of Rule 341). We now proceed to consider Huckleby's claims.

¶ 18    Huckleby asserts that "The *Holmberg v. Holmberg* case involved a challenge to the state's representative child support process, specifically its constitutionality due to violation. The Minnesota Supreme Court ultimately ruled that the process was unconstitutional due to violation of the separation of powers doctrine.," and further claims that "Due to Article 3 Section 1 further child support agencies are unconstitutional due to lack of probable cause. And also violate separation of powers required." We find that Huckleby conflates the Minnesota Supreme Court's holding in *Holmberg*, which addressed the unconstitutionality of the state's administrative child support process under the separation of powers, with a broader challenge to child support itself. *Holmberg v. Holmberg*, 588 N.W.2d 720 (Minn. 1999).

¶ 19    We note that rulings from other state courts are not binding on this court. *People v. Nelson*, 2021 IL App (1st) 181483, ¶ 36. But irrespective of non-binding rulings for other state courts, Huckleby presents this court with no legal or factual basis to disturb any order entered by the circuit court in this matter. The absence of a complete record on appeal and multiple deficiencies in Huckleby's brief, further support rejection of his claims. See *Milnes v. Hunt*, 311 Ill. App. 3d 977, 999 (2000) ("When a record is incomplete, this court must presume that the trial court's judgment conformed to the law and had a factual basis."); See also *In the Interest of Pyles v. Pyles*, 56 Ill. App. 3d 955, 956 (1978) ("Where an appellant does not bring before the reviewing court complete report of proceedings, reviewing court will presume that omitted report of proceedings

justifies order from which appeal is taken."). Accordingly, we affirm the judgment of the circuit court.

¶ 20                                    IV. CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 22    Affirmed.